UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| L et al., | ) | |
|     Plaintiffs, | ) | |
| v. | ) | Civil No. 18-11674-LTS |
| CHARLIE BAKER et al., | ) | |
|     Defendants. | ) | |

ORDER ON MOTIONS TO DISMISS (DOCS. NO. 39, 41, 45, 52)

January 24, 2019

SOROKIN, J.

I. BACKGROUND

On August 9, 2018, Attorney Liviz filed a nearly 200-page complaint on behalf of five plaintiffs suing various state officials. Doc. No. 1. The original complaint assigns a pseudonym to each plaintiff (a name but not each plaintiff's real name), ostensibly "to protect the identities of the parents." Id. at 1 n.1. Attorney Liviz then filed an amended complaint four days later, adding two pages and two causes of action, in which he changed the pseudonym of each plaintiff to Parent A, B, C, D, and E. Doc. No. 10. This amended complaint is now the operative pleading. The plaintiffs are not identified in the original complaint, the amended complaint, or in any other filing, except as noted below.

On September 26, 2018, in response to proposals from the parties, the Court established a schedule for the defendants' anticipated motions to dismiss under Rule 8 and stayed Attorney Liviz' pending motions for a preliminary injunction and to certify a class until after a ruling on the motions to dismiss. Doc. No. 27. Defendants filed motions to dismiss on the basis of Rule 8.

Docs. No. 39, 41, 45, 52. Attorney Liviz filed an opposition to three of the four motions to dismiss. Doc. No. 47. On January 4, 2019, after reviewing the filings, the Court issued an Order scheduling a hearing on the pending motions to dismiss. Doc. No. 55. In the January 4 Order, the Court also ordered Attorney Liviz to "file by close of business on January 10, 2019, a reference list containing the full name and mailing address of each Parent (A, B, C, D, and E)," and authorized him to "file this reference list under seal." Id. The January 10 deadline passed, and Attorney Liviz did not file a reference list, request a continuance, or make any other responsive filing. On January 11, 2019, the Court issued a second Order, directing Attorney Liviz to file the previously ordered reference list and to show cause for the failure to comply with the January 4 Order. Doc. No. 56.

On January 16, 2019, Attorney Liviz filed a 209-page response to the Court's January 11 order. Doc. No. 57. In the response, Attorney Liviz stated that he "acknowledge[s] the order that has been made" and "request[s] that the case be transferred forthwith to another circuit for protection of [his] clients." Id. at 1. In the case that transfer is not granted, Attorney Liviz stated that he "is willing to come in to speak in camera – without submission for protection of clients." Id. Attorney Liviz attached as an exhibit a complaint he separately filed that day as a new civil action against five judges of the United States Court of Appeals for the First Circuit and two judges of this Court, one of whom is the undersigned. Doc. No. 57-1. Also attached are 176 pages of additional exhibits. Docs. No. 57-2, 57-3, 57-4. Nowhere in the 209 pages does Attorney Liviz either provide a reference list of the plaintiffs or show cause for his failure to comply with the Court's January 4 Order.

The January 4 Order also required that each of the named plaintiffs appear at the hearing on the motions to dismiss in person. Doc. No. 55. The January 11 Order reiterated that

direction. Attorney Liviz and counsel for the movants appeared at the hearing on January 22. Not a single named plaintiff appeared. At one point, Attorney Liviz asserted the absence of any plaintiffs was his fault, explaining that he did not advise his clients to appear. The Order was crystal clear and the appearance requirement was in bold text. The Court finds that Attorney Liviz understood what was required at the time he received the Order.

In the course of the hearing, Attorney Liviz explained that the state court had, as to three of the five named plaintiffs, removed him as the lawyer in state court proceedings and barred him from communicating with each of these three plaintiffs. Attorney Liviz reported that these actions predated his filing of the pending action. He also reported that one of the five named plaintiffs had filed a lawsuit against him, essentially alleging malpractice or improper handling of the plaintiff's case in state court. When pressed at the hearing for the names and address of the five named plaintiffs—with the option of providing the information under seal—Attorney Liviz was unable to identify anyone at various times in the course of the lengthy hearing and declined to produce the names to the Court due to an alleged and unspecified obstruction of justice or secret settlement. Finally, he promised to produce the names of each of the five plaintiffs with mailing addresses and retainer agreements by email to the Clerk by January 23, 2019 at 4:00 p.m., as well as by mail postmarked January 23, 2019.

The Court has received and reviewed the filing. Doc. No. 60. It contains one post-hearing email exchange arguably identifying one individual (C.D.) willing to serve as a named plaintiff in a federal class action. Id. at 1. It contains three retainer agreements authorizing Attorney Liviz to serve as counsel in a federal class action; however, no client signed any of the submitted agreements. In short, Attorney Liviz has, again, failed to comply with the Court's Orders. He has not identified any plaintiff as Parent A, B, C, D, or E, he has not provided the

full name and mailing address of each of the five named plaintiffs, and he has not provided a retainer agreement from any named plaintiff.[1]

Providing the names and addresses of the plaintiffs in this case is not a mere technicality. Without actual plaintiffs, there is no case or controversy, no subject matter jurisdiction, and no lawsuit. The identities of the plaintiffs assist defendants in preparing responses to the operative complaint and its allegations. The identities also provide a record for purposes of later issues relating to res judicata.

II. DISCUSSION

This action is hereby DISMISSED WITH PREJUDICE for each of the following four reasons.[2] Each reason independently warrants dismissal.

First, the amended complaint, Doc. No. 10, fails to comply with the Rule 8 pleading requirements. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must contain the specific facts that make out the claim and must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In this case, the

---

[1] Attorney Liviz filed a voluntary dismissal as to Parent A. Doc. No. 61. From this document and Attorney Liviz's other filing on January 23, 2019, the Court may have the name and address of Parent A. Nonetheless, this does not suffice to comply with the Court's Order, as there is no evidence upon which the Court can conclude that this person did in fact authorize Attorney Liviz to file this lawsuit, as evidenced by the unsigned retainer agreement for this person. Because this action was previously filed and dismissed voluntarily, as explained in the text, this dismissal is with prejudice under Fed. R. Civ. P. 41(a)(1)(B).

[2] As to the one person (C.D.) who is arguably identified in the email filed by Attorney Liviz, the Court notes that serious questions exist, based on the evidence provided, as to whether this person did in fact authorize Attorney Liviz to file the lawsuit on her behalf before he did so. However, the Court need not resolve such questions at this time. Therefore, as to this person (C.D.), the complaint is dismissed only the grounds that it violates Rule 8. As to all four of the other named plaintiffs, the complaint is dismissed for each of the four reasons discussed in the text.

4

complaint spans 199 pages and contains 568 numbered paragraphs, including a description of the structure of the Massachusetts legislature and citations to well over one hundred sources of authority.  See Doc. No. 10.  For these reasons and the reasons expressed in the defendants' motions to dismiss, Docs. No. 39, 41, 45, 52, the Court DISMISSES the amended complaint with prejudice as to all five plaintiffs because it does not comply with Rule 8.

This dismissal is with prejudice and without leave to further amend.  While this is only the second complaint filed in this action, it is not Attorney Liviz's second attempt to plead these claims.  The amended complaint in this matter, Doc. No. 10, represents Attorney Liviz' fifth attempt at filing a complaint in this matter.  On January 10, 2018, Attorney Liviz filed a 133-page complaint alleging essentially the same claims.[3]  On March 20, 2018, Attorney Liviz filed a 186-page amended complaint.[4]  On April 10, 2018, Attorney Liviz filed a second amended complaint, this time totaling 161 pages.[5]  On June 18, 2018, Attorney Liviz filed a voluntary dismissal of the remaining claims after various defendants moved to dismiss.[6]  Subsequently, the Court denied a motion from Attorney Liviz seeking to reopen that case; shortly thereafter, Attorney Liviz filed a new, but substantially similar, complaint in the present case.  Doc. No. 1.  Four days later, Attorney Liviz filed an amended complaint in the present case.  Doc. No. 10.  At the hearing on January 22, Attorney Liviz acknowledged that the pending action is the same case

---

[3] Complaint with Request for Injunctive Relief, S. v. Baker, No. 18-CV-10031-LTS (D. Mass. Jan. 1, 2018), ECF No. 1.
[4] Amended Complaint, S. v. Baker, No. 18-CV-10031-LTS (D. Mass. Mar. 20, 2018), ECF No. 6.
[5] Amended Complaint Operative, S. v. Baker, No. 18-CV-10031-LTS (D. Mass. Apr. 10, 2018), ECF No. 13.
[6] Notice of Voluntary Dismissal, S. v. Baker, No. 18-CV-10031-LTS (D. Mass. June 18, 2018), ECF No. 40.

as the prior dismissed action. Under these circumstances, dismissal with prejudice and without leave to amend is warranted.

Second, the Court dismisses this action for lack of subject matter jurisdiction. Attorney Liviz has failed and refused to identify each of the named plaintiffs despite repeated written orders, oral inquires, and substantial opportunity. Moreover, Attorney Liviz concedes that he cannot communicate with at least three of the purported named plaintiffs and that one of the named plaintiffs has sued him. Based on the filings and Attorney Liviz' repeated disregard of the Court's Order to file under seal the names of the plaintiffs in this action, the Court concludes that at least four of the named plaintiffs did not actually authorize Attorney Liviz to serve as his or her attorney for the purposes of filing this lawsuit. As to the four unidentified plaintiffs, there is no case or controversy. As such, this Court lacks subject matter jurisdiction, and this action is DISMISSED.

Third, Attorney Liviz has now, on multiple occasions, directly disobeyed Court orders. As the Court warned in the January 11 Order, "[i]f counsel for the plaintiffs fails to comply with this Order, the plaintiffs face the dismissal with prejudice of their lawsuit and counsel faces the possibility of Rule 11 sanctions." Doc. No. 56 at 2. As noted above, Attorney Liviz did not comply with either the January 4 Order or the January 11 Order. He has never filed the required reference list of plaintiffs, despite ample opportunities to provide this basic information. As such, this action is DISMISSED with prejudice as to the four unidentified plaintiffs.

Fourth, in light of the filings in both the present case and case number 18-CV-10031-LTS, the Court concludes that Attorney Liviz has repeatedly violated Rule 11 by filing claims which are not warranted by existing law and which do not contain factual contentions likely to

6

have evidentiary support after a reasonable opportunity for investigation. Fed. R. Civ. P. 11(b). For violation of Rule 11, this action is DISMISSED.

One more matter requires discussion. The conduct of Attorney Liviz raises serious concerns. When the Court issued a simple Order requiring an under-seal identification of the names of the plaintiffs bringing the lawsuit, Attorney Liviz ignored the Order, failed to comply, filed a lengthy lawsuit naming the undersigned and six other federal judges as defendants,[7] and ultimately submitted a collection of unhelpful emails, Facebook posts, and unsigned retainer agreements. At the hearing, he made inaccurate and irrelevant accusations suggesting that the Court reporter had laughed and made facial expressions. Finally, the Court takes judicial notice that Attorney Liviz has recently filed a number of lawsuits naming as defendants the United States Supreme Court and the Supreme Judicial Court of the Commonwealth of Massachusetts.

Previously, another session of this Court warned Attorney Liviz that sanctions might result from his actions. See 18-CV-12059-IT at Doc. No. 6. Under these circumstances, the Court (1) directs the Clerk to provide the Board of Bar Overseers ("BBO") of the Commonwealth of Massachusetts a copy of this decision and a transcript of the January 22, 2019 hearing for its consideration and (2) refers this matter of potential attorney misconduct to the presiding judge of this Court, as defined in Local Rule 83.6.5(c)(2), for review and possible further action.

---

[7] The Court has reviewed the complaint naming the undersigned and others as defendants. Complaint for Due Process Deprivation and Request to Transfer to Another Circuit, Liviz v. Howard, No. 19-CV-10096-LTS (D. Mass. Jan. 16, 2019) ECF No. 1. The Court concludes that recusal from this case, No. 18-CV-11674-LTS, is neither required nor appropriate.

III. CONCLUSION

The defendants' motions to dismiss, Docs. No. 39, 41, 45, 52, are ALLOWED. The amended complaint, Doc. No. 10, is dismissed in its entirety, against all defendants. The pending motions by the plaintiffs, Docs. No. 4, 6, are DENIED AS MOOT. Attorney Liviz' motion for sanctions against counsel for the defendants, filed as part of his opposition to the motions to dismiss, Doc. No. 47, is DENIED. Insofar as Attorney Liviz' January 16 filing, Doc. No. 57, constitutes a motion to transfer the case, that motion is also DENIED AS MOOT.

Additionally, the Clerk shall provide the BBO a copy of this decision and a transcript of the January 22, 2019 hearing for its consideration and shall refer this matter of potential attorney misconduct to the presiding judge of this Court, as defined in Local Rule 83.6.5(c)(2), for review and possible further action.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge