**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

CASE NO. <u>1:19-mc - 91049-WGY</u>

In Re: Chief *Jurist for Justice* **ILYA LIVIZ SR.** D.L.D.,  )
Chief Jurist for Justice of,  )
NATIONAL ACADEMY FOR JURISTS  )

# APPENDIX
("App. 1, to App. 112")
*"WE THE PEOPLE FOR JUSTICE"*

04/09/2019 SJC Rule 2:23 Appeal and Motion for Stay    .        .        **Appx. 2**

04/09/2019 Formal Answer and Appeal        .        .        .        .        **Appx. 3**

04/02/2019 Letter from Bar Counsel  .        .        .        .        .        **Appx. 13**

04/02/2019 Order of Administrative Suspension        .        .        .        **Appx. 14**

04/01/2019 Liviz Verified Consolidated Motion to Strike .        **.**        **Appx. 19**

04/01/2019 Notice of Entry of Bar Docket Case        .        .        .        **Appx. 25**

04/01/2019 Letter from Bar Counsel with Petition   & Affidavit        **Appx. 27**

03/18/2019 Letter from Bar Counsel  .        .        .        .        .        **Appx. 31**

02/20/2019 Letter of Requests from Bar Counsel        .        .        .        **Appx. 31**

01/29/2019 Letter from Deputy Clerk of Federal District Court .        **Appx. 34**

01/24/2019 Order on Motions by D.J. Sorokin        .        .        .        **Appx. 35**

01/22/2019 Transcript of Hearing Before D.J. Sorokin        .        .        **Appx. 43**

RECEIVED

APR 09 2019

MAURA S. DOYLE CLERK
OF THE SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY

**COMMONWEALTH OF MASSACHUSETTS**
**SUPREME JUDICIAL COURT**

**SUFFOLK, SS.**

**SUPREME JUDICIAL COURT**
**FOR SUFFOLK COUNTY**
**No. BD-2019-036**

## IN RE: CHIEF JURIST FOR JUSTICE ILYA LIVIZ, D.L.D.

**EMERGENCY** APPEAL PURSUANT TO S.J.C. RULE 2:23(A) WITH
MOTION TO EXPEDITE AND **STAY ADMINISTRATIVE SUSPENSION** PENDING
APPEAL AND PURSUANT TO S.J.C. RULE 2:23(b), MAKE COPIES AT
COMMONWEALTH'S EXPENSE WITH ACCOMPANYING AFFIDAVITY OF INDIGENCY

1. Chief Jurist For Justice Ilya Liviz D.L.D. ("Liviz") of National Academy For Jurists ("NAFJ"), hereby moves this honorable court pursuant to EXPEDITE and pursuant to S.J.C. Rule 2:23(b), make copies at Commonwealth's Expense, and other relief that is just. Attached herewith is Liviz's Affidavit of Indigency in support thereof.

2. Liviz further moves this honorable court to EXPEDITE and consider staying the SJC Suffolk County pending decision of the full court; and in support thereof, attached herewith is Liviz's "Official Answer From National Academy For Jurists With Notice Of Appeal To The Supreme Court Of The United States With Novel Presentment Of First Impression Silent Form Of Communication Good vs. Epic vs. Legendary Rating System", relying upon the "silence is golden". (PROGRESSIVE JACKPOT).

3. Self-assembled record is included herewith for immediate review.

Respectfully submitted *pro se*,

Chief *Jurist For Justice* Ilya Liviz D.L.D.
**NATIONAL ACADEMY FOR JURISTS**
*Jurists for Justice* within U.S. Court
Advocates for Civil Rights & Civil Liberties
200 Central St. No. 1, Lowell, MA 01852
www.NAFJ.US - www.Liviz.com
ilya.liviz@gmail.com - (978) 606-5326
NAFJ. Bar No. 0001 - 1st. Cir. Bar. no. 1183775

Dated: 04/09/2019

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the electronic system with the SJC and additional copies, if necessary, should be produced by the government based on indigency status.

Dated: 04/09/2019

/s/ ilya liviz
Chief *Jurist For Justice* Ilya Liviz D.L.D.

**COMMONWEALTH OF MASSACHUSETTS**

**SUFFOLK, SS.**                                                **SUPREME JUDICIAL COURT**
**FOR SUFFOLK COUNTY**
**No. BD-2019-036**

**IN RE: CHIEF JURIST FOR JUSTICE ILYA LIVIZ, D.L.D.**

---

**OFFICIAL ANSWER FROM NATIONAL ACADEMY FOR JURISTS WITH NOTICE
OF APPEAL TO THE SUPREME COURT OF THE UNITED STATES WITH NOVEL
PRESENTMENT OF FIRST IMPRESSION SILENT FORM OF COMMUNICATION
<u>GOOD vs. EPIC vs. LEGENDARY RATING SYSTEM</u>**

לעולם לא עוד

"For Life, Liberty, and Pursuit of Happiness!"
Chief Jurist Ilya Liviz D.L.D.
**NATIONAL ACADEMY FOR JURISTS**
*Jurists for Justice* within the Judiciary
Civil Rights & Civil Liberties Advocacy
200 Central Street, No.1, Lowell, MA 01852
www.NAFJ.US - www.Liviz.com
ilya.liviz@gmail.com - (978) 606-5326
NAFJ. Bar No. 0001 - 1st. Cir. Bar. no. 1183775

**WE THE PEOPLE - FOR LIBERTY!**



*Jurist for Justice*

creators of

# NATIONAL ACADEMY FOR JURISTS[1]

*Jurists* for Justice specializing in preservation of
Civil Rights & Civil Liberties within the U.S. judiciary

with

## *JURISTS* FOR JUSTICE PLEDGE

"I pledge allegiance to the Flag of the United States of America, and to the
Republic for which it stands, one Nation under God, indivisible, with liberty and
justice for all."[2]

### FOR THE PEOPLE SUBMISSION

for **Justice** & **Liberty** that is **Equal** for all
**Civil Rights** in association with **Civil Liberties**
non-profit **National Academy For Jurists** production
written by Chief Jurist **Ilya Liviz** D.L.D. inspired by **True Events**
presented in **U.S. District Court** for the **District of Massachusetts**
pursuant to law of **United States Congress** and the **U.S. Constitution**
guaranteed by **Arts. I, § 8 & IV, §§ I & II** and **Amends. I, III, IV, V, IX & XIV, § I**
authorized by **49 U.S.C. Title 49 et seq.** enforced by **42 U.S.C. § 1983**
in accordance with **Fed. R. Civ. Pro**. and *Jurist's* **Core Values**
amended **April 9th** in the year **2019** of our Lord.
**www.NAFJ.US**

| | |
|---|---|
| **USA** | **The Content of This Complaint Has Not Been Evaluated Pursuant to Fed. R. Civ. Pro. Rule 12(b)(6); Viewer Discretion Is Advised - For Reading Understanding and Comprehension, It Is Recommended The Audience Attain Graduate Level Education or Street Equivalent!** |

| | |
|---|---|
| Identification of minors/juveniles and other information warranting redacted as necessary pursuant to Local CM/ECF Adm. Pro. R. N. (1-5), & S., and Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1, and the E-Government Act of 2002, personal identifiers (PID) will be either fully or partially redacted unless they are already known to the public. Approved for public reproduction by www.NAFJ.US |  |

---

[1] Private authority conferring to jurists a *De Lex Doctorate* ("D.L.D.") honorary degree; held by
*Jurists for Justice*, with commitment to *Justice Core Values*. *See* www.NAFJ.US
[2] *See* 4 U.S.C., § 4.

## FIRST AMENDMENT EXORDIUM
(Preserving fundamental right of "freedom of speech" by exercising it.)[3]

"We the People of the United States, in Order to form a more perfect Union, establish Justice, insure domestic Tranquility, provide for the common defense, promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this Constitution for the United States of America."  *See* U.S. Constitution Preamble.

## DIVERSITY IS BEAUTIFUL



## PRIVATE SPACE FOR PRAYER

"Dear friends, let us love one another, for love comes from God. Everyone who loves has been born of God and knows God.  Whoever does not love does know God, because God is love." *See* 1 John 4:7-8 (NIV)

- In God We Trust -

---

[3] *See* art. 48, The Initiative, II, § 2, at ¶ 3, "[n]o proposition inconsistent with any one of the following rights of the individual, as at present declared in the declaration of rights, shall be the subject of an initiative or referendum petition ... freedom of speech ...")

## United We Stand - Divided We Fall



- In God We Trust -

# **OFFICIAL ANSWER FROM NATIONAL ACADEMY FOR JURISTS**

Chief *Jurist For Justice* Ilya Liviz D.L.D. ("Liviz"), hereby restates that he is in full compliance, and this deprivation of constitutional rights shocks the consciousness; it can and should be easily fixed by Ordering the Administrative Suspension Null & Void *Nunc Pro Tunc*.

## **I. BACKGROUND**

1. On 02/20/2019 Assistant Bar Counsel Susan Strauss Weisberg ("Bar Counsel") by her letter, inter alia, requested production of answer and proof; "... failure to respond without good cause may constitute misconduct warranting appropriate discipline or administrative suspension under S.J.C. Rule 4:01, § 3." *See* Add. 21, at ¶ 2.

2. On 03/18/2019 Bar Counsel again demanded compliance and restated; "[a] failure to reply to bar counsel's requests for information is misconduct and may result in discipline under S.J.C. Rule 4:01, § 3. You may also be required to pay for costs incurred as a result of your failure to respond. See S.J.C. Rule 4:01, § 23." *See* Add. 20, at ¶ 2.

3. Bar Counsel also stated that; "[y]ou ten days from the date of this letter, or until March 28, 2019, to provide a complete response with all specified informant and records". *See id.* at ¶ 3.

4. On 04/01/2019 Bar Counsel files her Petition for Administrative Suspension pursuant to S.J.C. Rule 4:01, § 3(2), for immediate administrative suspension (Add. 18, at ¶ 1), supported by her Affidavit, *inter alia*, she "... affirm that the allegations in the petition are true to the best of my knowledge and belief". *See* Add. 19, in no. 2.

5. On 04/01/2019 Liviz responded by way of Verified Consolidated: 1) Motion to Strike; 2) Motion to Dismiss or Motion for Summary Judgment; Motion for Legal Fees Pursuant to M.G. L. c. 231, § 6F. *See* Add. 8, at Title.

6. Liviz also clearly stated, inter alia; "[t]his is NOT TRUE and is a BLATANT LIE, and I am here to set the record straight; I Ilya Liviz, as Officer of This Court, and Jurist for Justice that swore to tell the truth, DID COMPLY, and DID PROVIDE AN ANSWER, and my answer was provided in a form of SILENCE. (BOOM SHAKALAKA.)". *See* Add. 12, in ¶ 1.

7. But most importantly, Liviz exercised his right to a jury trial; "[i]f an answer is needed, which it is not, I hereby formally deny, and demand a Jury Trial before my peers pursuant to arts. 12, & 15, and The Initiative II., § 2, at ¶ 3." *See* Add. 19, at 4).

8. On 04/02/2019 Chief Justice Ralph D. Grants "C.J. Gants", pursuant to (his rule) Supreme Judicial Court Rule 4:01, § 3(2), ordered (judged by person making the rule) for; "Ilya Liviz [be] administratively suspended from the practice of law in the Commonwealth effective immediately upon the entry of this Order,". *See* Add. 3, at no. 1.

9. At the time of the order issued by C.J. Gants, there were, ongoing matters between Liviz, C.J. Gants and SJC. *See e.g. Liviz Sr. v. Gants et al*, Case no. 1:19-cv-10462-RGS, at Doc. 7, Order Dismissing Case (D. Mass. Apr. 8, 2019). *See also, Liviz v. Gants*, Case no. 1:19-cv-10644-RGS, at Doc. 8, Order Dismissing Case (D. Mass. Apr. 8, 2019)

## II. FULL COMPLIANCE

10. The entire petition and C.J. Gant's order is based on a single alleged infirmity; Bar Counsel claimed Liviz failed to answer her requests. *See* Nos. 4 & 8 *supra*.

11. Because Liviz claims that he did respond (no.6 supra) the only explanation is the C.J. Gants did not accept Liviz's "silent" response (ibid.) as an adequate form of response, and moreover ruled on the matter *sua sponte* without a hearing *ex parte*. *See* No. 8 *supra*.

12. In same fashion, C.J. Gants did not allow a fact finder (No. 7 supra) decide as to whether silence communication is a valid form of communication; transforming it into a ruling of law.

13. Not only is silent communication a form of communication, Chief Jurist for Justice Ilya Liviz D.L.D. helps to differentiate between Epic & Legendary form of silent communication; to better explain, I call on the people's militia! (BOOM SHAKALAKA).

## III. EPIC VS. LEGENDARY FORM OF SILENT COMMUNICATION

### THE LAST OF THE *JURIST FOR JUSTICE* - "EPIC SILENCE"



14. From the picture *supra* it is clear, just as I have stated previously silence is a great form of communication. We can see The Last of The *Jurist For Justice supra* displaying "*silence*" by motion; there is no need for words to get a sense that he is coming for you.

**JURIST DIRTY HARRY FOR JUSTICE- "EPIC SILENCE"**



15. Moreover, time and time again, it is not what you say, but how you say it, *exampli gratia*, the words "make my day", do not have even close to an effect that the moment of silence has thereafter.

16. Another point to make, is that the tool or weapon in the pictorial renditions are not important for the communication of the "silent" message, *exampli gratia*, the gun held by Jurist Dirty Harry for Justice *supra*, nor the assault rifle held by Jurist Scar Father For Justice *infra*, adds or takes away the "strength" of the message, *id est*, the "silent" message is dependent by the individual that is communicating.

**JURIST SCAR FATHER FOR JUSTICE- "EPIC SILENCE"**





17. Jurist Scar Father For Justice presents a strong message that radiates volume without using any sound, *id est*, speaks volume without speaking. (Boom Shakalaka.)

**JURIST TERMINATOR FOR JUSTICE- "EPIC SILENCE"**



18. While the aforementioned message resonates volume, there are ways to make the same message more accurate by regulating the intensity of "silence" within the "silent" message, *exampli gratia*, Jurist Terminator For Justice is communicating even more "silent" message that comes with a feeling of accuracy.

19. It is interesting that silent messages are not only limited to people; effective "silent" communication can be used by relying on inanimate mediums, *exampli gratia*, communication by a nicely cut watermelon, half cut, versus a cut-out, as seen in the Viva La Vida, rendition *infra* painted by Jurist Frida Kahlo for Justice pursuant to Naive Art (Primitivism) Art Style that presents "silent" messages best through simplification and back to basics form of communication.[4]

**"GOOD SILENCE"**





---

[4] *See* Frida Kaholo, Viva la Vida, Watermelons, still life on oil medium (1954). *See also* https://www.wikiart.org/en/frida-kahlo/viva-la-vida-watermelons

20. Some messages can be so powerful, they can silence their audience through exercise of "silent" communication use only. *See* RBG *infra*.

**"LEGENDARY SILENCE"**



21. As the old but wise say; "silence is golden". (PROGRESSIVE JACKPOT).

Respectfully submitted *pro se*,

_____

Chief *Jurist For Justice* Ilya Liviz D.L.D.
**NATIONAL ACADEMY FOR JURISTS**
*Jurists for Justice* within U.S. Court
Advocates for Civil Rights & Civil Liberties
Dated: 04/09/2019          200 Central St. No. 1, Lowell, MA 01852
www.NAFJ.US - www.Liviz.com
ilya.liviz@gmail.com - (978) 606-5326
NAFJ. Bar No. 0001 - 1st. Cir. Bar. no. 1183775

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the electronic system with the SJC and additional copies, if necessary, should be produced by the government based on indigency status.

Dated: 04/09/2019          /s/   ilya liviz
Chief *Jurist For Justice* Ilya Liviz D.L.D.

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPREME JUDICIAL COURT
                                                FOR SUFFOLK COUNTY
                                                No. BD-2019-036

### IN RE: THE MATTER OF CHIEF *JURIST FOR JUSTICE* ILYA LIVIZ SR. D.L.D.
(misnomer by Bar Counsel corrected)
## ADDENDUM
("App. 1, to App. 101")
*"WE THE PEOPLE FOR JUSTICE"*

04/02/2019 Letter from Bar Counsel   .   .   .   .   .   **Add. 2**

04/02/2019 Order of Administrative Suspension   .   .   .   **Add. 3**

04/01/2019 Liviz Verified Consolidated Motion to Strike .   .   **Add. 8**

04/01/2019 Notice of Entry of Bar Docket Case   .   .   .   **Add. 14**

04/01/2019 Letter from Bark Counsel with Petition & Affidavit   **Add. 16**

03/18/2019 Letter from Bar Counsel   .   .   .   .   .   **Add. 20**

02/20/2019 Letter of Requests from Bar Counsel   .   .   .   **Add. 21**

01/29/2019 Letter from Deputy Clerk of Federal District Court .   **Add. 23**

01/24/2019 Order on Motions by D.J. Sorokin   .   .   .   **Add. 24**

01/22/2019 Transcript of Hearing Before D.J. Sorokin   .   .   **Add. 32**

# OFFICE OF THE BAR COUNSEL
### BOARD OF BAR OVERSEERS OF THE SUPREME JUDICIAL COURT
99 High Street
Boston, Massachusetts 02110
(617) 728-8750
Fax: (617) 482-2992
www.massbbo.org

DOROTHY ANDERSON
ACTING BAR COUNSEL

April 2, 2019

<u>PERSONAL AND CONFIDENTIAL</u>

Ilya Liviz
Liviz Law Office
200 Central Street
Lowell, MA 01852

RE:  SJC No. BD-2019-036
BBO File No.  C2-19-00257621 (Bar Counsel)

Dear Mr. Liviz:

Enclosed is a copy of an order, entered by the Supreme Judicial Court on April 2, 2019 for your administrative suspension from the practice of law in the Commonwealth, effective immediately. Under the order, you must forthwith terminate all practice in the Commonwealth pursuant to paragraph 1 of the order and S.J.C. Rule 4:01, §§ (3) and 17(4). You must not resume practice until you fulfill the requirements of Rule 4:01, § 3, and the Court enters an order for your reinstatement.

If you are not reinstated to practice within 30 days of the date of the suspension order, you will then become subject to the requirements of paragraphs 2 through 4 and the remaining provisions of S.J.C. Rule 4:01, § 17. In that event, you will be required, among other things, to give notice of your suspension to all clients, courts, and opposing counsel; withdraw all appearances and resign all fiduciary appointments; close all trust accounts and effect the proper disposition of all trust funds with which you are entrusted; and file an affidavit of compliance with required schedules and documentation.

Please let me know at once if you any questions about the suspension order or this letter.

Very truly yours,

Susan Strauss Weisberg
Assistant Bar Counsel

SSW/jb
Enclosure
By certified mail, return receipt requested, #7018 0360 0000 7912 6288
Copies first class mail and e-mail: ilya.liviz@gmail.com

Appx. 13 of 112

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
NO: BD-2019-036

IN RE: Ilya Liviz

## ORDER OF IMMEDIATE ADMINISTRATIVE SUSPENSION

This matter came before the Court, Gants, C.J., on a Petition for Administrative Suspension and affidavit filed by Bar Counsel pursuant to Supreme Judicial Court Rule 4:01, § 3(2). Upon consideration thereof, it is ORDERED that:

1. Ilya Liviz is administratively suspended from the practice of law in the Commonwealth effective immediately upon the entry of this Order, and, in accordance with Supreme Judicial Court Rule 4:01, § 17(4), the Board of Bar Overseers shall promptly transmit a copy of this Order of Administrative Suspension to the clerk of each court in the Commonwealth, state and federal, in which it has reason to believe the lawyer has been engaged in practice.

If Ilya Liviz is not reinstated within thirty days of the date of entry of this Order, it is hereby FURTHER ORDERED that:

2. The lawyer shall forthwith at the expiration of the thirty days:

   a) file a notice of withdrawal as of the effective date of

RECEIVED
4/2/2019 9:18 AM
MAURA S. DOYLE, CLERK
SUPREME JUDICIAL COURT
THE COUNTY OF SUFFOLK

the administrative suspension with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Order, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

b) resign as of the effective date of the administrative suspension all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

c) provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has been administratively suspended; that he is disqualified from acting as a lawyer after the effective date of the administrative suspension; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

d) provide notice to counsel for all parties (or, in the absence of counsel, the parties) in pending matters that the lawyer has been administratively suspended and, as a

consequence, is disqualified from acting as a lawyer after the effective date of the administrative suspension;

e) make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or other property;

f) refund any part of any fees paid in advance that have not been earned; and

g) close every IOLTA, client, trust, or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in his possession, custody or control.

All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board.

3. The lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Order and with bar disciplinary rules. Appended to the affidavit of compliance shall be:

a) a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts, and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit. Supplemental affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

b) a schedule showing the location, title and account number of every bank account designated as an IOLTA, client, trust or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Order any client, trust, or other fiduciary funds;

c) a schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession, custody, or control as of the entry date of this Order or thereafter;

d) such proof of the proper distribution of such funds and the closing of such accounts as has been requested by the bar counsel, including copies of checks and other instruments;

e) a list of all other state, federal, and administrative jurisdictions to which the lawyer is admitted practice; and

f) the residence or other street address where communications to the lawyer may thereafter be directed.

The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, § 17.

4. The lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

a) a copy of the affidavit of compliance required by paragraph 3 of this Order;

b) a list of all other state, federal, and administrative jurisdictions to which the lawyer is admitted to practice; and

c) the residence or other street address where communications to the lawyer may thereafter be directed.

By the Court, (Gants, C.J.).

Assistant Clerk

Entered: April 2, 2019

**COMMONWEALTH OF MASSACHUSETTS**

**SUFFOLK, SS.**                                   **SUPREME JUDICIAL COURT**
                                                  **FOR SUFFOLK COUNTY**
                                                  **No. BD-2019-036**

IN THE MATTER OF CHIEF JURIST FOR JUSTICE ILYA LIVIZ, D.L.D.
(misnomer by Bar Counsel corrected)

**VERIFIED CONSOLIDATED: 1) MOTION TO STRIKE; 2) MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT; 3) MOTION FOR LEGAL FEES PURSUANT TO M.G.L. c. 231, § 6F,**

לעולם לא עוד

"For Life, Liberty, and Pursuit of Happiness!"<br>
Chief Jurist Ilya Liviz D.L.D.<br>
**NATIONAL ACADEMY FOR JURISTS**<br>
*Jurists for Justice* within the Judiciary<br>
Civil Rights & Civil Liberties Advocacy<br>
200 Central Street, No.1, Lowell, MA 01852<br>
Mass. Bar No. 686409 - 1st. Cir. Bar. no. 1183775<br>
www.NAFJ.US - www.Liviz.com - ilya.liviz@gmail.com - (978) 606-3632

**WE THE PEOPLE  -  FOR LIBERTY!**



*Jurist for Justice*

creators of
# NATIONAL ACADEMY FOR JURISTS[1]
*Jurists* for Justice specializing in preservation of
Civil Rights & Civil Liberties within the U.S. judiciary

with
## *JURISTS* **FOR JUSTICE PLEDGE**
"I pledge allegiance to the Flag of the United States of America, and to the
Republic for which it stands, one Nation under God, indivisible, with liberty and
justice for all."[2]

### FOR THE PEOPLE SUBMISSION
for **Justice** & **Liberty** that is **Equal** for all
**Civil Rights** in association with **Civil Liberties**
non-profit **National Academy For Jurists** production
written by Chief Jurist **Ilya Liviz** D.L.D. inspired by **True Events**
presented in **U.S. District Court** for the **District of Massachusetts**
pursuant to law of **United States Congress** and the **U.S. Constitution**
guaranteed by **Arts. I, § 8 & IV, §§ I & II** and **Amends. I, III, IV, V, IX & XIV, § I**
authorized by **49 U.S.C. Title 49 et seq.** enforced by **42 U.S.C. § 1983**
in accordance with **Fed. R. Civ. Pro**. and *Jurist's* **Core Values**
amended **April 1st** in the year **2019** of our Lord.
**www.NAFJ.US**

| USA | The Content of This Complaint Has Not Been Evaluated Pursuant to Fed. R. Civ. Pro. Rule 12(b)(6); Viewer Discretion Is Advised - For Reading Understanding and Comprehension, It Is Recommended The Audience Attain Graduate Level Education or Street Equivalent! |
|---|---|
| Identification of minors/juveniles and other information warranting redacted as necessary pursuant to Local CM/ECF Adm. Pro. R. N. (1-5), & S., and Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1, and the E-Government Act of 2002, personal identifiers (PID) will be either fully or partially redacted unless they are already known to the public. Approved for public reproduction by www.NAFJ.US |  |

[1] Private authority conferring honorary *De Lex Doctorate* ("D.L.D."); graduate
degree of a *Jurist* for Justice, with commitment to *jurist's* Core Values. *See*
www.NAFJ.US
[2] *See* 4 U.S.C., § 4.

"We the People of the United States, in Order to form a more perfect Union, establish Justice, insure domestic Tranquility, provide for the common defense, promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this Constitution for the United States of America."  *See* U.S. Constitution Preamble.

## DIVERSITY IS BEAUTIFUL



## PRIVATE SPACE FOR PRAYER

"Dear friends, let us love one another, for love comes from God. Everyone who loves has been born of God and knows God.  Whoever does not love does not know God, because God is love." *See* 1 John 4:7-8 (NIV)

- In God We Trust -

---

[3] *See* art. 48, The Initiative, II, § 2, at ¶ 3, "[n]o proposition inconsistent with any one of the following rights of the individual, as at present declared in the declaration of rights, shall be the subject of an initiative or referendum petition ... freedom of speech ...")

**United We Stand - Divided We Fall**



- In God We Trust -

**VERIFIED CONSOLIDATED: 1) MOTION TO STRIKE; 2) MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT; 3) MOTION FOR LEGAL FEES PURSUANT TO M.G.L. c. 231, § 6F,**

Chief Jurist For Justice Ilya Liviz D.L.D. ("Liviz" or "JFJ"), hereby moves this Honorable Court to Dismiss this Complaint for the following reasons:

I, Ilya Liviz, hereby respectfully call Bar Counsel Susan Strauss Weisberg a LIAR. Specifically, she has submitted misrepresentations under oath as followed; "... that the respondent was afforded a reasonable period of time for compliance with the requests for information and has failed to comply." *See* Affidavit of Susan Strauss Weisberg, in no. 2. This is NOT TRUE and is a BLATANT LIE, and I am here to set the record straight; I Ilya Liviz, as Officer of This Court, and Jurist for Justice that swore to tell the truth, DID COMPLY, and DID PROVIDE AN ANSWER, and my answer was provided in a form of SILENCE. (BOOM SHAKALAKA.) I am an American exercising my rights secured by the beautiful U.S. Constitution; "... defendant's silence in face of *all* questioning, including booking questions, was sufficient to invoke right to remain silent ..." See Commonwealth v. Sicari, 434 Mass. 732, at [***32] (2001). (Internally referenced citation omitted.) In fact, had I said something, I would have to cure my waiver to remain silent by stating that I would like to exercise my right, id est, the best way to exercise it, is to never waive it and remain silent from the beginning (avoids having to figure out whether the right was initially waived or not). *See Commonwealth v. Selby*, 420 Mass. 656, at HN3; " If a defendant who has initially waived his right to remain silent wishes later to cut off questioning, he must 'indicate in [some] manner' that he is invoking the right he previously waived." (Quoted citation omitted.)

As a reminder, pursuant to this courts precedent; "[e]ach case must be decided on its own merits, and every offending attorney must receive the disposition most appropriate in the circumstances." *See Matter of the Discipline of an Attorney*, 392 Mass. 827, 837 (1984).

Moreover, pursuant to the United States Supreme Court's interpretation of the 5th Amendment of the U.S. Constitution, the supreme law of the land, it has been held an attorney may not be disciplined solely for asserting a Fifth Amendment privilege. *See Spevack v. Klein*, 385 U.S. 511 (1967). However, because disciplinary proceedings are civil rather than criminal in nature, an adverse inference may be drawn from the respondent's refusal to answer questions that might tend to incriminate him. S*ee e.g.; Matter of Boxer*, 14 Mass. Att'y Disc. R. 74, 79 (1998) (board memorandum); *Custody of Two Minors*, 396 Mass. 610, 616 (1986) (re civil and administrative proceedings generally). *Hazard and Beard*, A Lawyer's Privilege Against Self-Incrimination In Professional Disciplinary Proceedings, 96 Yale L.J. 1060 (1987).

Of note, because it is my position that I have done no wrong, and there is no fiduciary relationship between myself and the bar counsel, my silence cannot form the basis of an estoppel; "[s]ilence will give rise to an estoppel only when there is a duty to speak or act." *See Moran v. Gala*, 13 LCR 7, at last ¶ (2005) (Referencing citation omitted.)

Finally, because the Bar Counsel's entire petition is completely devoid of any allegation of what was being investigated, if anything, and it is limited only to my right to exercise my fifth, the negative inference, if any, is made only as to my right to exercise the fifth (the only allegation that can be inferred from the four corners of the petition), *id est*, this is a frivolous petition with nothing to consider beside the fact that my right to privacy, peace and quiet has been attacked by an agent of the government, inter alia, completely baseless complaint that

warrants legal feels pursuant to M.G.L. c. 231, § 6F, which is promulgated to deter fillings such as this.

WHEREFORE, I humbly move this honorable court to:

1) Strike All or Part of the Affidavit/Petition/Notice

2) Dismiss the Petition

3) Based on the specialized nature of the pleading, and the emotional torture it puts on an individual, that is analogous to an assault, ALLOW my request for $2,500 payment.

4) Other relief this court deems fair and just.

If an answer is needed, which it is not, I hereby formally deny, and demand a Jury Trial before my peers pursuant to arts. 12, & 15, and The Initiative II., § 2, at ¶ 3.

The aforementioned is true, accurate and correct, to the best of my knowledge, recollection, and interpretation.  Signed under pains and penalty of perjury on this Thirteenth day of April 1st, in the year of 2019 of our Lord.

_____
Chief Jurist For Justice Ilya Liviz D.L.D.


Respectfully submitted,

_____
Chief Jurist For Justice Ilya Liviz D.L.D.
**NATIONAL ACADEMY FOR JURISTS**
*Jurists for Justice*  within U.S. Court
Advocates for Civil Rights & Civil Liberties
Dated: 04/01/2019       200 Central Street, Lowell, MA 01852
www.NAFJ.US - www.Liviz.com
ilya.liviz@gmail.com - (978) 606-3632
Mass. Bar No. 686409 - 1st. Cir. Bar. no. 1183775


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the electronic system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and a courtesy email will be sent to the bar counsel.

Dated: 04/01/2019          /s/   ilya liviz
Chief Jurist For Justice Ilya Liviz D.L.D.
NATIONAL ACADEMY FOR JURISTS
Advocating for Civil Rights & Civil Liberties



The Commonwealth of Massachusetts

# SUPREME JUDICIAL COURT

For Suffolk County

John Adams Courthouse

One Pemberton Square, Suite 1300

Boston, Massachusetts 02108-1707

WWW.SJCCOUNTYCLERK.COM

CASE INFORMATION (617) 557-1100
FACSIMILE (617) 557-1117

ATTORNEY SERVICES (617) 557-1050
FACSIMILE (617) 557-1055

**MAURA S. DOYLE**

CLERK

April 1, 2019

Ilya Liviz
200 Central Street
Lowell, MA 01852

RE:   **No. BD-2019-036**

**IN RE ILYA LIVIZ**

NOTICE OF ENTRY OF BAR DOCKET CASE

On April 1, 2019, the above-entitled bar docket case was entered on the court docket.

You are strongly encouraged to electronically file any response or further pleadings via: https://efilema.tylerhost.net/ofsweb.

Please further note that the appeal of any bar discipline case entered in the Supreme Judicial Court for the County of Suffolk after April 1, 2009, is governed by S.J.C. Rule 2:23 (copy attached).

Maura S. Doyle Clerk

To:   Ilya Liviz ESQ

RECEIVED
4/1/2019 12:17 PM
MAURA S. DOYLE, CLERK
SUPREME JUDICIAL COURT
THE COUNTY OF SUFFOLK

## S.J.C. Rule 2:23 Appeals in Bar Discipline Cases

*[Applicable to all bar discipline cases entered in the Supreme Judicial Court for the County of Suffolk after April 1, 2009]*

(a) A party aggrieved by a final order or judgment of the single justice in a bar discipline case may appeal to the full court for review of the order or judgment. A notice of appeal must be filed with the clerk of the Supreme Judicial Court for Suffolk County within ten days of entry of the final order or judgment for which review is sought. An appeal shall not stay any order or judgment of suspension or disbarment unless the single justice or this court so orders.

(b) The appeal shall initially be presented to the full court on the record that was before the single justice, together with a preliminary memorandum from the appellant and, if requested, from the appellee. The appellant shall be responsible for preparing and filing a record appendix containing copies of all the relevant papers from the single justice proceeding, including but not limited to the hearing committee report, appeal panel report, if any, board of bar overseers memorandum, the order or judgment of the single justice, and any memorandum of decision of the single justice. The appellant's preliminary memorandum, which shall not exceed twenty pages, double spaced, shall set forth the relevant background and summarize the appellant's arguments on appeal, with citations to applicable authority. It is incumbent on the appellant to demonstrate in this memorandum that there has been an error of law or abuse of discretion by the single justice; that the decision is not supported by substantial evidence; that the sanction is markedly disparate from the sanctions imposed in other cases involving similar circumstances; or that for other reasons the decision will result in a substantial injustice.

   Nine copies of the record appendix and preliminary memorandum shall be filed with the clerk of the Supreme Judicial Court for the Commonwealth within thirty days after the appeal has been docketed in the full court; one copy of the record appendix and memorandum shall be served on each other party. In the case of multiple appellants or cross-appellants, each appellant shall be permitted to file a preliminary memorandum within this time frame, but in such a case, the appellants shall submit, and share the cost of, a single record appendix. If requested by the court, the appellee may file a responsive memorandum, not to exceed twenty pages, double spaced, within twenty days of the court's request. Extensions of time for filing memoranda will rarely be granted and should not be anticipated.

(c) Based on its review of the parties' memoranda and the record appendix, the full court may affirm, reverse, or modify the order or judgment of the single justice without oral argument; alternatively, the court may direct the appeal to proceed in the regular course, in which case the parties will be permitted to file full briefs conformably with the Rules of Appellate Procedure and the case will be scheduled for oral argument.

(d) The Rules of Appellate Procedure shall apply to appeals covered by this rule to the extent they are not inconsistent with this rule.

# OFFICE OF THE BAR COUNSEL
### BOARD OF BAR OVERSEERS OF THE SUPREME JUDICIAL COURT
99 High Street
Boston, Massachusetts 02110
(617) 728-8750
Fax: (617) 482-2992
www.massbbo.org

DOROTHY ANDERSON
ACTING BAR COUNSEL

April 1, 2019

<u>PERSONAL AND CONFIDENTIAL</u>

Ilya Liviz, Esq.
Liviz Law Office
200 Central Street
Lowell, MA 01852

RE:   <u>BBO File No.  C2-19-00257621 (Bar Counsel)</u>

Dear Mr. Liviz:

    Enclosed please find a copy of bar counsel's petition for administrative suspension with affidavit.  The original papers were filed today electronically in the Supreme Judicial Court for Suffolk County.

Very truly yours,

Susan Strauss Weisberg
Assistant Bar Counsel

SSW/jb
Enclosures
   (by first class mail and e-mail: ilya.liviz@gmail.com)

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
No. BD-2019-

## IN THE MATTER OF ILYA LIVIZ, ESQ.

### PETITION FOR ADMINISTRATIVE SUSPENSION

Pursuant to S.J.C. Rule 4:01, § 3(2), bar counsel petitions this Honorable Court for an order of immediate administrative suspension of Ilya Liviz, Esq. In support of this petition, bar counsel incorporates the accompanying affidavit and represents as follows:

1.  The respondent, Ilya Liviz, Esq., was admitted to the bar of this Court on November 27, 2012.

2.  By letter dated February 20, 2019, to the respondent's last registered office address, bar counsel sent the respondent a request for information and records in connection with a pending investigation and directed him to reply within 20 days. That letter was not returned as undeliverable or otherwise rejected. The respondent failed to reply to that letter.

3.  By letter to the respondent dated March 18, 2019, bar counsel reiterated her request for information and records. By the same letter, bar counsel notified the respondent that his failure to comply within ten days, or by March 28, 2019, would result in, among other things, the entry of an order for his administrative suspension without further notice or hearing. The letter was sent to the respondent's last registered office address by certified mail, return receipt requested, by first class mail, postage prepaid and by e-mail. The respondent received and signed for the certified letter on March 19, 2019. The first class mail and e-mail have not been returned as undeliverable or otherwise rejected. The respondent has failed to reply to that letter.

4. To date, the respondent has not furnished any specified information or records or replied to bar counsel's communications.

WHEREFORE, bar counsel requests:

A. entry of an order for the administrative suspension of Ilya Liviz, Esq., from the practice of law in the Commonwealth, effective forthwith and until further order of the Court;

B. such further relief as is just and appropriate.

Respectfully submitted,

DOROTHY ANDERSON
ACTING BAR COUNSEL

April 1, 2019                    By _____
                                Susan Strauss Weisberg
                                Assistant Bar counsel
                                99 High Street
                                Boston, MA 02110
                                617-728-8750
                                BBO #483080

### Certificate of Service

I hereby certify that I have this day filed the foregoing petition and accompanying affidavit through the Electronic Filing Service Provider. I hereby certify that I have this day served copies of the foregoing documents by e-mail and by first class mail, postage prepaid, to the respondent at 200 Central Street, Lowell, MA 01852.

Dated this 1st day of April, 2019.

_____
Susan Strauss Weisberg
Assistant Bar Counsel
BBO #483080

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
No. BD-2019-

IN THE MATTER OF ILYA LIVIZ, ESQ.

AFFIDAVIT OF SUSAN STRAUSS WEISBERG

Susan Strauss Weisberg hereby deposes and says:

1. I am an assistant bar counsel in the Office of Bar Counsel and have held that position at all times relevant to the matters set forth in this affidavit. At all relevant times, I have been assigned to investigate the professional conduct of the respondent, Ilya Liviz, Esq.

2. I am personally familiar with the allegations in the petition for administrative suspension filed herewith. I affirm that the allegations in the petition are true to the best of my knowledge and belief; that the respondent was served with requests for information in accordance with S.J.C. Rule 4:01, § 21; that the respondent was afforded a reasonable period of time for compliance with the requests for information and has failed to comply; and that the requests for information were accompanied by a statement advising the respondent that failure to comply with the requests for information would result in his administrative suspension without further notice or hearing.

Sworn to and signed under the penalties of perjury this 1st day of April, 2019.

_____
Susan Strauss Weisberg

# OFFICE OF THE BAR COUNSEL
## BOARD OF BAR OVERSEERS OF THE SUPREME JUDICIAL COURT
99 High Street
Boston, Massachusetts 02110
(617) 728-8750
Fax: (617) 482-2992
www.massbbo.org

DOROTHY ANDERSON
ACTING BAR COUNSEL

March 18, 2019

PERSONAL AND CONFIDENTIAL

Ilya Liviz, Esq.
Liviz Law Office
200 Central Street
Lowell, MA 01852

RE:   BBO File No.  C2-19-00257621 (Bar Counsel)

Dear Mr. Liviz:

By a letter dated February 20, 2019, a copy of which is enclosed, I asked you to provide information and records in response to allegations of professional misconduct.  As of this date you have failed to respond.

A failure to reply to bar counsel's requests for information is misconduct and may result in discipline under S.J.C. Rule 4:01, § 3.  You may also be required to pay for costs incurred as a result of your failure to respond.  See S.J.C. Rule 4:01, § 23.

You ten days from the date of this letter, or until March 28, 2019, to provide a complete response with all specified information and records.  Failure on your part to respond in full may result in a request for a subpoena directing you to appear before bar counsel with your records and files in this matter and, pursuant to S.J.C. Rule 4:01, § 3, will result in the entry of an order of administrative suspension of your license to practice law without further notice or hearing.

Please let me hear from you accordingly.

Very truly yours,

Susan Strauss Weisberg
Assistant Bar Counsel

SSW/jb
Enclosure
By certified mail, return receipt requested, #70140150000009877760
Copy by first class mail and email

# OFFICE OF THE BAR COUNSEL
## BOARD OF BAR OVERSEERS OF THE SUPREME JUDICIAL COURT
99 High Street
Boston, Massachusetts 02110
(617) 728-8750
Fax: (617) 482-2992
www.massbbo.org

DOROTHY ANDERSON
ACTING BAR COUNSEL

February 20, 2019

PERSONAL AND CONFIDENTIAL

Ilya Liviz, Esq.
Liviz Law Office
200 Central Street
Lowell, MA 01852

RE:   BBO File No. C2-19-00257621 (Bar Counsel)

Dear Mr. Liviz:

Enclosed please find copies of correspondence received by the Office of the Bar Counsel that raises questions of professional misconduct in violation of Supreme Judicial Court Rule 3:07, the Massachusetts Rules of Professional Conduct.

It is bar counsel's responsibility to investigate all matters involving alleged misconduct by an attorney. While no disposition will be recommended or undertaken by bar counsel until the attorney has been afforded an opportunity to respond, failure to respond without good cause may constitute misconduct warranting appropriate discipline or administrative suspension under S.J.C. Rule 4:01, § 3.

We urge you to review S.J.C. Rules 3:07 and 4:01 and the enclosed correspondence with the included order and transcript. Under Section 2.6(2) of the Rules of the Board of Bar Overseers, your response and supporting documentation must be received by this office within 20 days from the date of this notice. In addition, and without limitation, you are to include the following with your response:

1. For the case in which the order was entered, No. 1:18-cv-11674-LTS, the full name of each of the plaintiffs referred to as Parents A, B, C, D and E, with a concordance identifying which person is Parent A, which is Parent B, and so forth.

2. For each person identified above,

   A. his or her last known street address, e-mail address and telephone numbers;

   B. the date on which you were engaged and for what purpose, the fee arrangement for the representation and whether it was written or oral, and copies of all related fee agreements, engagement letters and the like;

   C. the date on which you last had an oral communication with the person and the purpose, substance and particulars of the communication;

   D. the dates of your last written communications to and from the person and copies of same;

   E. identification of each underlying action (with case caption, court and docket number) in which you represented the person and, for each, the nature and type

of case (care and protection, guardianship, etc.), current status and any
disposition;

    F.    the current status of the representation and, if it has been terminated, the date
and particulars of the termination and all related writings.

3.    As referenced in the enclosed transcript, identification of each plaintiff

    A.    with a case in which you were removed as counsel, with the date and
particulars of same, the identity of the case (with case caption, court and docket
number), and copies of all related written orders, memoranda and the like;

    B.    to whom you were ordered or instructed not to speak, with the date and
particulars of same, the identify of the case in which the order or instruction
was given and who gave it, and copies of all related written orders, memoranda
and the like;

    C.    who sued you for malpractice or any other reason, with the case caption, court,
docket number, current status and any disposition of each related action.

4.    A list of every state and federal action in which you have appeared as a party or as
counsel for a party at any time since January 1, 2016 and, for each, the nature and
type of case, your role (as party, counsel or otherwise), and the case caption, court,
docket number, current status and any disposition.

       The information and records provided in response to this letter must be listed with
specificity and identified by the paragraph numbers above. If any records are omitted, you are to
identify same with specificity and explain why. You should retain copies of the records
produced for your own reference. Further, you are to retain intact, for the duration of this
inquiry, your files and all original bank and financial records, calendars and diaries, time and fee
records and other paper and electronic records (or copies of same if you have released the
originals) in any way related to the matters raised by this correspondence.

       Thank you for your cooperation.

                           Very truly yours,

                           Susan Strauss Weisberg
                           Assistant Bar Counsel

ssw/
Enclosure



ROBERT M. FARRELL
CLERK OF COURT



RECEIVED
FEB - 5 2019
BOARD OF BAR
OVERSEERS

January 29, 2019

VIA FIRST CLASS MAIL
Massachusetts Board of Bar Overseers
99 High Street
2nd Floor
Boston, MA  02110

Re.    Ilia Liviz
       BBO# 686409

Dear Sir or Madam,

In connection with the above attorney, this Court issued an Order in the case of L Et Al. v. Charlie Baker, Et. Al., 1:18-cv-11674-LTS on January 24, 2019, alerting the BBO of conduct pertaining Attorney Ilia Liviz, who represents the plaintiff in this matter.

Enclosed please find a certified copy of the Order, along with a copy of the transcript of the hearing. Please contact me with any questions or concerns you may have.  Thank you.

Sincerely,

/s/ Mariliz Montes
Deputy Clerk

Encl.

FEB - 7 2019

I hereby certify on 1/24/19 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☒ electronically filed original filed on 1/24/19
☐ original filed in my office on _____

Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts

By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| L et al., | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) Civil No. 18-11674-LTS |
|  | ) |
| CHARLIE BAKER et al., | ) |
|  | ) |
| Defendants. | ) |

RECEIVED
FEB - 5 2019
BOARD OF BAR
OVERSEERS

ORDER ON MOTIONS TO DISMISS (DOCS. NO. 39, 41, 45, 52)

January 24, 2019

SOROKIN, J.

I.   BACKGROUND

On August 9, 2018, Attorney Liviz filed a nearly 200-page complaint on behalf of five

plaintiffs suing various state officials. Doc. No. 1. The original complaint assigns a pseudonym

to each plaintiff (a name but not each plaintiff's real name), ostensibly "to protect the identities

of the parents." Id. at 1 n.1. Attorney Liviz then filed an amended complaint four days later,

adding two pages and two causes of action, in which he changed the pseudonym of each plaintiff

to Parent A, B, C, D, and E. Doc. No. 10. This amended complaint is now the operative

pleading. The plaintiffs are not identified in the original complaint, the amended complaint, or in

any other filing, except as noted below.

On September 26, 2018, in response to proposals from the parties, the Court established a

schedule for the defendants' anticipated motions to dismiss under Rule 8 and stayed Attorney

Liviz' pending motions for a preliminary injunction and to certify a class until after a ruling on

the motions to dismiss. Doc. No. 27. Defendants filed motions to dismiss on the basis of Rule 8.

Docs. No. 39, 41, 45, 52. Attorney Liviz filed an opposition to three of the four motions to dismiss. Doc. No. 47. On January 4, 2019, after reviewing the filings, the Court issued an Order scheduling a hearing on the pending motions to dismiss. Doc. No. 55. In the January 4 Order, the Court also ordered Attorney Liviz to "file by close of business on January 10, 2019, a reference list containing the full name and mailing address of each Parent (A, B, C, D, and E)," and authorized him to "file this reference list under seal." Id. The January 10 deadline passed, and Attorney Liviz did not file a reference list, request a continuance, or make any other responsive filing. On January 11, 2019, the Court issued a second Order, directing Attorney Liviz to file the previously ordered reference list and to show cause for the failure to comply with the January 4 Order. Doc. No. 56.

On January 16, 2019, Attorney Liviz filed a 209-page response to the Court's January 11 order. Doc. No. 57. In the response, Attorney Liviz stated that he "acknowledge[s] the order that has been made" and "request[s] that the case be transferred forthwith to another circuit for protection of [his] clients." Id. at 1. In the case that transfer is not granted, Attorney Liviz stated that he "is willing to come in to speak in camera – without submission for protection of clients." Id. Attorney Liviz attached as an exhibit a complaint he separately filed that day as a new civil action against five judges of the United States Court of Appeals for the First Circuit and two judges of this Court, one of whom is the undersigned. Doc. No. 57-1. Also attached are 176 pages of additional exhibits. Docs. No. 57-2, 57-3, 57-4. Nowhere in the 209 pages does Attorney Liviz either provide a reference list of the plaintiffs or show cause for his failure to comply with the Court's January 4 Order.

The January 4 Order also required that each of the named plaintiffs appear at the hearing on the motions to dismiss in person. Doc. No. 55. The January 11 Order reiterated that

2

direction. Attorney Liviz and counsel for the movants appeared at the hearing on January 22. Not a single named plaintiff appeared. At one point, Attorney Liviz asserted the absence of any plaintiffs was his fault, explaining that he did not advise his clients to appear. The Order was crystal clear and the appearance requirement was in bold text. The Court finds that Attorney Liviz understood what was required at the time he received the Order.

In the course of the hearing, Attorney Liviz explained that the state court had, as to three of the five named plaintiffs, removed him as the lawyer in state court proceedings and barred him from communicating with each of these three plaintiffs. Attorney Liviz reported that these actions predated his filing of the pending action. He also reported that one of the five named plaintiffs had filed a lawsuit against him, essentially alleging malpractice or improper handling of the plaintiff's case in state court. When pressed at the hearing for the names and address of the five named plaintiffs—with the option of providing the information under seal—Attorney Liviz was unable to identify anyone at various times in the course of the lengthy hearing and declined to produce the names to the Court due to an alleged and unspecified obstruction of justice or secret settlement. Finally, he promised to produce the names of each of the five plaintiffs with mailing addresses and retainer agreements by email to the Clerk by January 23, 2019 at 4:00 p.m., as well as by mail postmarked January 23, 2019.

The Court has received and reviewed the filing. Doc. No. 60. It contains one post-hearing email exchange arguably identifying one individual (C.D.) willing to serve as a named plaintiff in a federal class action. Id. at 1. It contains three retainer agreements authorizing Attorney Liviz to serve as counsel in a federal class action; however, no client signed any of the submitted agreements. In short, Attorney Liviz has, again, failed to comply with the Court's Orders. He has not identified any plaintiff as Parent A, B, C, D, or E, he has not provided the

full name and mailing address of each of the five named plaintiffs, and he has not provided a retainer agreement from any named plaintiff.[1]

Providing the names and addresses of the plaintiffs in this case is not a mere technicality. Without actual plaintiffs, there is no case or controversy, no subject matter jurisdiction, and no lawsuit. The identities of the plaintiffs assist defendants in preparing responses to the operative complaint and its allegations. The identities also provide a record for purposes of later issues relating to res judicata.

## II.   DISCUSSION

This action is hereby DISMISSED WITH PREJUDICE for each of the following four reasons.[2]  Each reason independently warrants dismissal.

First, the amended complaint, Doc. No. 10, fails to comply with the Rule 8 pleading requirements. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must contain the specific facts that make out the claim and must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In this case, the

---

[1] Attorney Liviz filed a voluntary dismissal as to Parent A. Doc. No. 61. From this document and Attorney Liviz's other filing on January 23, 2019, the Court may have the name and address of Parent A. Nonetheless, this does not suffice to comply with the Court's Order, as there is no evidence upon which the Court can conclude that this person did in fact authorize Attorney Liviz to file this lawsuit, as evidenced by the unsigned retainer agreement for this person. Because this action was previously filed and dismissed voluntarily, as explained in the text, this dismissal is with prejudice under Fed. R. Civ. P. 41(a)(1)(B).

[2] As to the one person (C.D.) who is arguably identified in the email filed by Attorney Liviz, the Court notes that serious questions exist, based on the evidence provided, as to whether this person did in fact authorize Attorney Liviz to file the lawsuit on her behalf before he did so. However, the Court need not resolve such questions at this time. Therefore, as to this person (C.D.), the complaint is dismissed only the grounds that it violates Rule 8. As to all four of the other named plaintiffs, the complaint is dismissed for each of the four reasons discussed in the text.

4

complaint spans 199 pages and contains 568 numbered paragraphs, including a description of the structure of the Massachusetts legislature and citations to well over one hundred sources of authority. See Doc. No. 10. For these reasons and the reasons expressed in the defendants' motions to dismiss, Docs. No. 39, 41, 45, 52, the Court DISMISSES the amended complaint with prejudice as to all five plaintiffs because it does not comply with Rule 8.

This dismissal is with prejudice and without leave to further amend. While this is only the second complaint filed in this action, it is not Attorney Liviz's second attempt to plead these claims. The amended complaint in this matter, Doc. No. 10, represents Attorney Liviz' fifth attempt at filing a complaint in this matter. On January 10, 2018, Attorney Liviz filed a 133-page complaint alleging essentially the same claims.[3] On March 20, 2018, Attorney Liviz filed a 186-page amended complaint.[4] On April 10, 2018, Attorney Liviz filed a second amended complaint, this time totaling 161 pages.[5] On June 18, 2018, Attorney Liviz filed a voluntary dismissal of the remaining claims after various defendants moved to dismiss.[6] Subsequently, the Court denied a motion from Attorney Liviz seeking to reopen that case; shortly thereafter, Attorney Liviz filed a new, but substantially similar, complaint in the present case. Doc. No. 1. Four days later, Attorney Liviz filed an amended complaint in the present case. Doc. No. 10. At the hearing on January 22, Attorney Liviz acknowledged that the pending action is the same case

---

[3] Complaint with Request for Injunctive Relief, S. v. Baker, No. 18-CV-10031-LTS (D. Mass. Jan. 1, 2018), ECF No. 1.
[4] Amended Complaint, S. v. Baker, No. 18-CV-10031-LTS (D. Mass. Mar. 20, 2018), ECF No. 6.
[5] Amended Complaint Operative, S. v. Baker, No. 18-CV-10031-LTS (D. Mass. Apr. 10, 2018), ECF No. 13.
[6] Notice of Voluntary Dismissal, S. v. Baker, No. 18-CV-10031-LTS (D. Mass. June 18, 2018), ECF No. 40.

as the prior dismissed action. Under these circumstances, dismissal with prejudice and without leave to amend is warranted.

Second, the Court dismisses this action for lack of subject matter jurisdiction. Attorney Liviz has failed and refused to identify each of the named plaintiffs despite repeated written orders, oral inquires, and substantial opportunity. Moreover, Attorney Liviz concedes that he cannot communicate with at least three of the purported named plaintiffs and that one of the named plaintiffs has sued him. Based on the filings and Attorney Liviz' repeated disregard of the Court's Order to file under seal the names of the plaintiffs in this action, the Court concludes that at least four of the named plaintiffs did not actually authorize Attorney Liviz to serve as his or her attorney for the purposes of filing this lawsuit. As to the four unidentified plaintiffs, there is no case or controversy. As such, this Court lacks subject matter jurisdiction, and this action is DISMISSED.

Third, Attorney Liviz has now, on multiple occasions, directly disobeyed Court orders. As the Court warned in the January 11 Order, "[i]f counsel for the plaintiffs fails to comply with this Order, the plaintiffs face the dismissal with prejudice of their lawsuit and counsel faces the possibility of Rule 11 sanctions." Doc. No. 56 at 2. As noted above, Attorney Liviz did not comply with either the January 4 Order or the January 11 Order. He has never filed the required reference list of plaintiffs, despite ample opportunities to provide this basic information. As such, this action is DISMISSED with prejudice as to the four unidentified plaintiffs.

Fourth, in light of the filings in both the present case and case number 18-CV-10031-LTS, the Court concludes that Attorney Liviz has repeatedly violated Rule 11 by filing claims which are not warranted by existing law and which do not contain factual contentions likely to

have evidentiary support after a reasonable opportunity for investigation. Fed. R. Civ. P. 11(b).

For violation of Rule 11, this action is DISMISSED.

One more matter requires discussion. The conduct of Attorney Liviz raises serious concerns. When the Court issued a simple Order requiring an under-seal identification of the names of the plaintiffs bringing the lawsuit, Attorney Liviz ignored the Order, failed to comply, filed a lengthy lawsuit naming the undersigned and six other federal judges as defendants,[7] and ultimately submitted a collection of unhelpful emails, Facebook posts, and unsigned retainer agreements. At the hearing, he made inaccurate and irrelevant accusations suggesting that the Court reporter had laughed and made facial expressions. Finally, the Court takes judicial notice that Attorney Liviz has recently filed a number of lawsuits naming as defendants the United States Supreme Court and the Supreme Judicial Court of the Commonwealth of Massachusetts.

Previously, another session of this Court warned Attorney Liviz that sanctions might result from his actions. See 18-CV-12059-IT at Doc. No. 6. Under these circumstances, the Court (1) directs the Clerk to provide the Board of Bar Overseers ("BBO") of the Commonwealth of Massachusetts a copy of this decision and a transcript of the January 22, 2019 hearing for its consideration and (2) refers this matter of potential attorney misconduct to the presiding judge of this Court, as defined in Local Rule 83.6.5(c)(2), for review and possible further action.

---

[7] The Court has reviewed the complaint naming the undersigned and others as defendants. Complaint for Due Process Deprivation and Request to Transfer to Another Circuit, Liviz v. Howard, No. 19-CV-10096-LTS (D. Mass. Jan. 16, 2019) ECF No. 1. The Court concludes that recusal from this case, No. 18-CV-11674-LTS, is neither required nor appropriate.

Appx. 41 of 112

III.   CONCLUSION

The defendants' motions to dismiss, Docs. No. 39, 41, 45, 52, are ALLOWED. The amended complaint, Doc. No. 10, is dismissed in its entirety, against all defendants. The pending motions by the plaintiffs, Docs. No. 4, 6, are DENIED AS MOOT. Attorney Liviz' motion for sanctions against counsel for the defendants, filed as part of his opposition to the motions to dismiss, Doc. No. 47, is DENIED. Insofar as Attorney Liviz' January 16 filing, Doc. No. 57, constitutes a motion to transfer the case, that motion is also DENIED AS MOOT.

Additionally, the Clerk shall provide the BBO a copy of this decision and a transcript of the January 22, 2019 hearing for its consideration and shall refer this matter of potential attorney misconduct to the presiding judge of this Court, as defined in Local Rule 83.6.5(c)(2), for review and possible further action.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

8

1    UNITED STATES DISTRICT COURT

2    DISTRICT OF MASSACHUSETTS

3    No. 1:18-cv-11674-LTS

4

5    ILYA LIVIZ, et al
          Plaintiffs

6

7    vs.

8

9    GOVERNOR CHARLIE BAKER, et al,
          Defendants

10

11    *********

12

13    For Hearing Before:
      Judge Leo T. Sorokin

14

15    Motion to Dismiss

16    United States District Court
      District of Massachusetts (Boston)
17    One Courthouse Way
      Boston, Massachusetts 02210
18    Tuesday, January 22, 2019

19

20    ********

21

22    REPORTER: RICHARD H. ROMANOW, RPR
          Official Court Reporter
23        United States District Court
      One Courthouse Way, Room 5510, Boston, MA 02210
24        bulldog@richromanow.com

25

```
 1              A P P E A R A N C E S

 2

 3    ILYA LIVIZ, ESQ.
         Liviz Law Office
 4       156 Sixth Street, Unit 1
         Lowell, MA 01850
 5       (978) 606-5326
         Email: Ilya.liviz@gmail.com.
 6       For plaintiffs

 7    ANNA RACHEL DRAY-SIEGEL, ESQ.
         Office of the Attorney General
 8       Administrative Law Division
         One Ashburton Place
 9       Boston, MA 02108
         (617) 963-2022
10       Email: Anna.rachel.dray-siegel@state.ma.us
         For the State defendants

11
      NICOLE RG PAQUIN, ESQ.
12       Boyle Shaughnessy Law, P.C.
         695 Atlantic Avenue, 11th Floor
13       Boston, MA 02111
         (617) 451-2000
14       Email: Npaquin@boyleshaughnessy.com
         For defendant Tameka Grantham O'brian

15
      SUSAN M. SILVA, ESQ.
16       Peabody & Arnold, LLP
         Federal Reserve Plaza
17       600 Atlantic Avenue
         Boston, MA 02210-2261
18       (617) 951-2100
         Email: Ssilva@peabodyarnold.com
19       For defendant Kristyn Snyer McKenna

20    JUSTIN M. FABELLA, ESQ. (Appearing by telephone.)
         Hinshaw & Culbertson, LLP
21       53 State Street, 27th Floor
         Boston, MA 02109
22       (617) 213-7000
         Email: Jfabella@hinshawlaw.com
23       For defendant Gene Rauhala

24

25
```

P R O C E E D I N G S

(Begins, 3:30 p.m.)

THE CLERK: Civil Docket 18-11674, now before the Court and counsel. Would counsel please introduce themselves for the record.

THE COURT: Mr. Liviz.

MR. LIVIZ: Good afternoon, your Honor, thank you for having me here, Attorney Llya Liviz on behalf of the parents class.

MS. DRAY-SIEGEL: Good afternoon, your Honor, Assistant Attorney General Anna Rachel Dray-Siegel on behalf of the state defendants.

THE COURT: Ms. Dray-Siegel for the state defendants.

Okay?

MS. PAQUIN: Good afternoon, your Honor, Nicole Paquin for the defendant Tameka Grantham O'brian.

THE COURT: Um, okay.

MS. SILVA: Good afternoon, your Honor, Susan Silva for the defendant Kristyn Snyer McKenna.

THE COURT: Okay. Thank you.

So before we turn to the motion itself, Mr. Liviz, um, I'm a little confused about a couple of things. One is, um, if I have it right, I issued an order, when I scheduled this hearing, to you to file the names under

1   seal with addresses of your clients, and then I didn't

2   receive any response to that order, but I know it went

3   out by ECF and you're on ECF.  And so I then issued an

4   order to show cause that directed you to both file the

5   list of names that I directed you to file -- again

6   permitting you to file it under seal because at least at

7   the moment, for the reasons that were advanced in the

8   papers, I thought it permissible, at least

9   preliminarily, to permit the plaintiffs to proceed by

10  way of pseudonym, and to show cause why you hadn't

11  complied with the first order of the court to submit

12  that information.  And that you did respond to that, you

13  filed a lengthy response, but it didn't explain to me

14  why you hadn't complied with the first order, and I

15  didn't discern the list of names and addresses of the

16  plaintiffs who have brought this case.

17           So I'm wondering about those two matters.

18           MR. LIVIZ:  Somebody just coughed.  Can you

19  say the last part please?

20           THE COURT:  Certainly.  Did you have trouble

21  hearing because of the cough.

22           MR. LIVIZ:  I heard everything except the last

23  part.  Somebody --

24           Was that you that coughed?

25           THE COURT:  The Court Reporter doesn't have to

1  answer questions.

2      So my question to you is what, um, do you say

3  about those things?  So --

4          MR. LIVIZ:  All right, I'd like to answer.

5  And I apologize for saying this, I know this is federal

6  court, but in state court I always have to make sure.

7      Are we on record, are we being recorded?

8          THE COURT:  We're not being recorded.

9          MR. LIVIZ:  We're not being recorded?

10         THE COURT:  No, we're not.

11         MR. LIVIZ:  Well I'd like to be on record,

12 your Honor.

13         THE COURT:  Let me explain and then you can

14 ask whatever else you want to say.

15     There is no tape recorder running because in

16 federal court -- before United States District Judges,

17 at least in this district, we don't tape record the

18 proceedings.  There is the Court Reporter who's present,

19 the Court Reporter is taking it down, so it's on the

20 record, so everything I have said has been memorialized

21 by the Court Reporter, everything you have said so far

22 has been memorialized by the Court Reporter, will be in

23 the transcript, everything those three lawyers on the

24 defense side have said.

25     The cough, I assume, in all likelihood, the cough

1 will be reflected in the transcript, because it was a

2 cough and it was a noise, so all statements, utterances,

3 and noises will be memorialized and those will be in the

4 transcript.

5 So it's -- if what you mean by "recorded" is a

6 record, a verbatim transcript -- a verbatim record of

7 what's being said being created?  Yes, in this hearing

8 -- yes, the same as every hearing before me and every

9 other judge in this courthouse.  But to the extent you

10 mean is it being audio recorded in some sense?  I don't

11 believe there's, um -- and so we're clear, because I

12 don't know what -- before the magistrate judges in this

13 courthouse, the ordinary practice actually is not to

14 have a Court Reporter, a physical person typing as we

15 have here, but actually a digital tape recording system,

16 and they do use a digital tape recording system to

17 record almost all proceedings before magistrate judges

18 in this courthouse, and those proceedings which they

19 don't use the digital tape recording are typically jury

20 trials before the magistrate judges and there they use

21 an actual Court Reporter.

22 Does that answer that question?

23 MR. LIVIZ:  Your Honor, I want to thank you

24 for taking a moment to explain that for me.

25 THE COURT:  Certainly.

1  MR. LIVIZ: For the record I'd like to, um --
2  may I continue? I'd like to answer you question.
3          THE COURT: Go ahead.
4          MR. LIVIZ: But before I answer your question
5  I'd like to let the record reflect -- no disrespect,
6  sir, but I noticed that he was laughing at what I had to
7  say earlier and I'd like to memorialize for the record
8  that you are smiling and laughing, and that there's no
9  other way for me to record it other than to memorialize
10  it on record. And that I'd also like to note for the
11  record that I'd like this not only to be audio recorded,
12  but I'd also like it to be video recorded as well.
13          THE COURT: Okay, so -- several things.
14  First, to the extent that you have requested -- I treat
15  what you say as an oral request to have these
16  proceedings video recorded. That request is denied, um,
17  because as a general matter proceedings in federal court
18  are not video recorded.
19          There is a project that was initiated by the
20  judicial conference of the United States to provide, in
21  certain civil cases, and this is a civil case, that
22  there can be video recording of proceedings, provided
23  the parties agree and this case is part of that opps-in,
24  if you will, to that project. I don't know if that
25  project -- actually I confess I'm not positive at the

1  moment whether that project is ongoing anymore.  But in

2  any event, it's not been arranged for this proceeding.

3  So at least insofar as today is concerned, without

4  prejudice to future proceedings or hearings in this

5  case, the request to video record is denied.

6      The request to audio record, to the extent it's

7  anything other than what the Court Reporter does in the

8  ordinary course of his or her efforts to memorialize it

9  is recorded.

10      Third, to clarify what you stated for the record

11  where you referred to a "him," but unidentified, I

12  understood from the way you were looking that the "him"

13  to whom you were referring was the Court Reporter who's

14  recording the proceedings, is that correct?

15          MR. LIVIZ:  That's correct, your Honor.

16          THE COURT:  All right.  So that will be in the

17  record.  The record will further reflect that I did not

18  perceive the Court Reporter laughing or in any way

19  engaging in disrespectful conduct as to what was

20  happening in the proceedings, but the record -- your

21  comments stand on the record as to mine, and the record

22  speaks for itself.  In any event, the Court Reporter,

23  who has a very important role in this and every

24  proceeding, has no role with respect to the merits of

25  the proceeding itself.  So go right ahead.

1    MR. LIVIZ:  Yes, your Honor.

2    THE COURT:  But hold on one minute.

3    (Pause.)

4    THE COURT:  So, fine.

5    Mr. Liviz, if you hold on for one minute, there's

6    actually another lawyer who -- I think he must be

7    another lawyer for one of the defendants, who

8    inadvertently apparently went to the Worcester -- the

9    United States District Courthouse in Worcester, instead

10   of Boston, for this proceeding and he's going to call

11   in, so Ms. Simeone's going to call him in.  So if we

12   just pause for a moment, she'll put him on the speaker.

13   He'll be able to hear what you have to say and what

14   everyone else says in the courtroom -- and will be able

15   to hear what I have to say, and we'll allow him to

16   participate by phone under those circumstances.

17        (Clerk dials phone in courtroom.)

18        THE COURT:  So, Mr. Liviz, this is what I

19   think we should do.  We'll continue.  And an some point

20   -- maybe in one second, maybe in a couple of minutes,

21   Mr. Fabella, who I think has appeared for Gene --

22   defendant Gene R-A-U-H-A-L-A, Rauhala, we'll hear him

23   pop in on the phone and say hello.  When he does, I'd

24   ask you to just pause for a minute and I'll just explain

25   to him the context and then you'll be able to proceed.

1    MR. LIVIZ:  Sure.

2    THE COURT:  So when you hear that

3 interruption, it will be probably him calling into the

4 conference call, which will blast over the speakers.  So

5 go ahead.

6    MR. LIVIZ:  Your Honor, again I appreciate

7 your patience and your time to explain everything.  I do

8 want to clarify something for the record -- and again no

9 disrespect to the Court Reporter, but I did want to

10 separate the no-perceived disrespect, which probably

11 wasn't based on the judge's point of view, but he did

12 smile and laugh, and I don't know if you observed that,

13 and I want to make sure that the record is correct on

14 that.

15    THE COURT:  The record is correct that you

16 state that.

17    MR. LIVIZ:  Okay.

18    (Pause.)

19    MR. LIVIZ:  Regarding the first order, which

20 was to produce a list of names and a list of addresses,

21 I'd like to request a side bar to have an ex parte

22 communication.

23    THE COURT:  Why do you want to have an ex

24 parte communication?

25    MR. LIVIZ:  Well, your Honor, if I say it here

1  it would kind of defeat the purpose of having an ex

2  parte communication.

3       THE COURT:  Well you don't have to tell me

4  what the ex parte communication is, but, um, in the

5  ordinary course we conduct -- I guess let's take it step

6  by step.

7       First, there are two issues.  One is I issued an

8  order directing you to make a filing and you didn't

9  respond to that order, so then I issued a subsequent, a

10  second order and I said, "I want you to comply with my

11  first order, file the list, and I want you to explain to

12  me why you didn't comply with my first order."  You then

13  filed something in response to that, but the something,

14  as I understood it, didn't explain at all why you hadn't

15  responded to the first order and it didn't provide the

16  list.

17       So first, why don't you tell me why you didn't

18  respond to the first order, why you then didn't explain

19  to me why you didn't respond to the first order?

20       MR. LIVIZ:  Your Honor, first I respectfully

21  disagree, I did explain why I didn't respond to the

22  court order and I believe my explanation came in the

23  form of a complaint.  And, you know --

24       THE COURT:  You mean the new civil action --

25       MR. LIVIZ:  Sure.

THE COURT: -- in which you sued me, Judge Gorton, and various judges of the United States Court of Appeals for the First Circuit?

MR. LIVIZ: If you look at Document Number 2 in this case, I asked for a protective order, and one of the things that I said here, on Page 2 of Document 2 it says, "I was further erroneously removed from representing my clients without any due process to either myself or my clients. Moreover I was told by people that know them closely" -- and I'm talking about the plaintiffs, "that they were ordered not to speak to me. The parents I was representing in juvenile court in class action were ordered not to speak to me, their counsel, without any due process offered to them or myself." I was asking a protective order from this Court to allow me to speak to my clients.

So, first of all --

THE COURT: So but that doesn't, Mr. Liviz, explain to me, I --

MR. LIVIZ: Well your Honor, I --

THE COURT: So hear me out. So when I asked you to --

MR. LIVIZ: Let me just finish my answer because it will answer your question, that's not -- that's just part of it, there's Part A, there's Part B,

1    Part C, Part D, and if I finish through E, it will

2    answer your question.

3            THE COURT:  Go ahead.

4            MR. LIVIZ:  So the answer is, first of all, as

5    you know we had a first-class action, now this is a

6    second-class action.  If you actually look at the facts

7    you will actually recognize that it's the same people.

8    So in other words the information that you're asking is

9    actually available if you actually read through the

10   information.  What I did is kind of like I did with --

11   when you see in a juvenile matter if, for example,

12   somebody publicly published the minor, you still use

13   initials even though it's publicly known.

14           THE COURT:  That's why I told you you could

15   file the list of names under seal.

16           MR. LIVIZ:  True.  And so I guess the answer

17   to that question is that the information is already

18   available and, um --

19           THE COURT:  I guess I would tell you this.

20   When the Court issues an order, it says you are to do

21   something, you don't get to fold your arms and say, "I

22   don't need to respond to that because in my opinion the

23   Court either already knows the answer or ought know the

24   answer."  Then if what you're saying is that the people

25   who are the plaintiffs in this case are the people who

1   are the plaintiffs in the first case that you dismissed,

2   then what I would have expected you to do is file under

3   seal a list of the names and you could have said that

4   and --

5           MR. LIVIZ:  I agree with you, your Honor, but

6   there's still a Part C and a Part D --

7           THE COURT:  Go ahead.

8           MR. LIVIZ:  I'm saying I agree with you.

9   There's also other information that I needed to address

10  at sidebar, which is that I believe that one of the

11  class action parents is actually a state agent.  So in

12  other words it's not a parent, but a state agent.  And

13  that's why I wanted to speak to you at side bar.  And I

14  was hoping to speak to you at sidebar.  And I was also

15  hoping to get a protective order that was --

16          THE COURT:  What is a "state agent"?

17          MR. LIVIZ:  A "state agent" is basically like

18  somebody who -- a state agent would be somebody that

19  came in to just test the system.  How else would you

20  test it?  You put somebody in and you see what happens,

21  right?

22          THE COURT:  So you mean that among the people

23  you say you brought this case on behalf of, some of --

24  one of the named plaintiffs, you believe to be actually

25  a person who works for the Commonwealth of

1   Massachusetts?

2           MR. LIVIZ:  Correct.

3           THE COURT:  That that person, working for the

4   Commonwealth of Massachusetts, um, put themselves in a

5   situation as if they had issues with the system that

6   you're challenging that's operated by the Commonwealth

7   of Massachusetts, not because they really had those

8   issues, but in order to test.  Much like in a civil

9   rights case you might -- if a civil rights organization

10  was concerned that a particular landlord wouldn't rent

11  apartments in his or her building to people of a certain

12  category, they might hire someone to go in -- and who is

13  of that category, and apply for -- to try to obtain an

14  apartment to see, and they would go forward with the

15  process, but they're not actually looking for an

16  apartment, they're testing.

17          MR. LIVIZ:  And that's exactly what I wanted

18  to do, I wanted to get your advice and your experience,

19  your Honor, before I move forward to see what the best

20  course of action is on that matter.

21          THE COURT:  Okay, so a couple of things.

22  First of all, I appreciate that you're interested in my

23  advice and experience, but in my role as a judge, I

24  can't -- I don't give legal advice to plaintiffs or to

25  defendants.  Plaintiffs bring cases, defendants defend

1   cases, parties file motions, I look at the motions, I

2   rule on the motions.

3       So we still have, in my mind, for this hearing,

4   three questions, two preliminarily, which are I issued

5   an order which told you to do something, you didn't

6   respond, so I issued a second order and I said, "I want

7   you to explain to me why you didn't respond and I want

8   you to actually respond," so then you filed something,

9   but I still don't know where on the docket, if it's

10  there, is the list of the names and addresses of --

11  under seal, which is fine, of Parents A, B, C, D, and E,

12  that those individual people with those names and

13  addresses are --

14          MR. LIVIZ:  And now I'd like to finish my last

15  part, your Honor.

16          THE COURT:  Go ahead.

17          MR. LIVIZ:  My last part is that I don't feel

18  comfortable releasing information that already most

19  likely is available anyway because I feel that there's

20  obstruction in the courtroom, I feel there's obstruction

21  and I don't feel comfortable.  So I would like to appear

22  and say it on record that I don't feel comfortable

23  producing that information.  That I request to be

24  transferred to a different circuit or to be transferred

25  to Worcester where I'd like to be removed from this

1   court -- and I'd be happy to put it under seal, to

2   another judge, that I believe this courtroom has been

3   already tainted because I already heard that there is

4   some sort of settlement with class action, but that I

5   couldn't find out which class action, and there's

6   something going on that I'm not aware of.  So I don't

7   feel comfortable doing it in this courtroom.  I'd like

8   to be moved to a different court, your Honor.  No

9   disrespect.

10              THE COURT:  Okay, no disrespect taken,

11  Mr. Liviz.  Let me take that apart.

12              So what I understand you to be saying is that you

13  didn't file the list of names and you don't wish or

14  intend to file the list of names of the plaintiffs

15  because, first, you don't have faith and confidence in

16  filing the list of names in this session of this court,

17  and that what you would like to do -- and you're

18  prepared to file the list of names, but only if you're

19  transferred to either a different session of the U.S.

20  District Court for the District of Massachusetts outside

21  Boston or, as described in your motion, to a different

22  circuit.

23              MR. LIVIZ:  Correct, and it's memorialized in

24  Document 57 when I said "I respect this Honorable

25  Court," and I acknowledged the order that had been made,

1   "and I humbly request that the case be transferred

2   forthwith to another circuit for the protection of my

3   clients." So I did acknowledge your order and I

4   answered it.

5         THE COURT: You request another circuit. You

6   mean "another circuit" as in the First Circuit, the

7   Second Circuit, the Third Circuit? Because I wouldn't

8   have thought of Worcester as a different circuit, I

9   would think that's a different division of this

10   courthouse.

11         MR. LIVIZ: So when I filed this I put

12   "different circuit" only because I have to appeal now to

13   the First Circuit and I obviously, if you look at the

14   judges named in --

15         THE COURT: I noticed that.

16         MR. LIVIZ: -- it includes the First Circuit.

17   And I'd like the record to reflect that there is smiles,

18   and I can see why, but you know what? I believe this is

19   justified. It's been a year later and --

20         THE COURT: Well that one has not been filed

21   for a year. Last -- so we're clear, last Tuesday, I

22   believe it was -- at least what I think you're referring

23   to, is last Tuesday you filed a --

24         MR. LIVIZ: It was this year, half a year.

25         THE COURT: No, but what you filed with

1   respect to the -- in which you named five --

2            MR. LIVIZ:  This was just filed.

3            THE COURT:  -- five judges of the First

4   Circuit, Judge Gorton and myself as defendants, which is

5   the one you were just referring to, I think, that makes

6   it somewhat perhaps awkward to appeal to the First

7   Circuit -- if there is an appeal, that was filed last

8   week.

9            MR. LIVIZ:  Correct.

10           THE COURT:  This case that we're talking about

11  and we're in court on, 18-cv, um -- that was filed back,

12  I think, in August or September?

13           MR. LIVIZ:  It was filed August 9th.

14           THE COURT:  August 9th.

15           MR. LIVIZ:  So it's been five and a half

16  months.  So it's going on half a year now and this is

17  the first day that I got to walk into a courtroom, um,

18  when I made allegations that are warranted for the --

19  for the alleged due process violations.

20           THE COURT:  So we're -- just so that we can

21  move forward so I understand.  I think that, with

22  respect to the two preliminary issues, what I understand

23  the case to be is you're unwilling to file the list of

24  names under seal with the court right now, at least as

25  long as the matter's pending before me, and --

1    MR. LIVIZ: That's incorrect.

2    THE COURT: I don't mean to take that -- I

3  just want to describe the facts.

4    MR. LIVIZ: That's incorrect. I will abide by

5  this court. If this court, in other words, says "I

6  order you to do it right now," um, I think that I would

7  produce that because --

8    THE COURT: I ordered you twice to do it.

9    MR. LIVIZ: I know, and I said here,

10  "Response," that "I respect this Honorable Court and I

11  acknowledge the order, but I'd like to do it at a

12  different court." But if this Court really, you know,

13  stresses its --

14    THE COURT: I'm not transferring this case, I

15  see no basis to transfer this case to a court outside

16  this --

17    MR. LIVIZ: Then I will produce it within 24

18  hours.

19    THE COURT: Why not right now?

20    MR. LIVIZ: Well, first of all, as -- your

21  Honor, if you want me to provide addresses, some of

22  these folks here on this have been ordered not to speak

23  to me. It's been 5 1/2 months.

24    THE COURT: Well if they've been ordered not

25  to speak with you, how can they be your clients?

1       MR. LIVIZ:  Well --

2       THE COURT:  In other words you filed this

3  complaint --

4       MR. LIVIZ:  I'd like to answer the question.

5  I get the question, your Honor.

6       THE COURT:  Go ahead.  All right.

7       MR. LIVIZ:  In other words, if I haven't

8  spoken to somebody in 5 1/2 months, how can they be my

9  client?"  That's a simple question.  And the simple

10  answer is that I have a duty to protect somebody's

11  interest until I have a written authorization of my

12  removal.

13      So I have somebody that signed the document, wants

14  me to represent their interest, and then all of a sudden

15  silence.  Just because there's silence doesn't mean I

16  could walk away, my ethical duty requires me to continue

17  representation until there's a new lawyer that enters

18  their appearance or you, your Honor, allow me to recuse

19  myself from that client.

20      THE COURT:  So my question to you is this.

21  When you filed this action on, um --

22      MR. LIVIZ:  August 9th.

23      THE COURT:  All right, August 9th, there were

24  five plaintiffs named by pseudonym?

25      MR. LIVIZ:  Yup, A, B, C, D, and E.

1    THE COURT: Well actually in the original

2    complaint you had different -- you had made-up names for

3    them, and then in the amended complaint you changed it

4    to A, B, C, D?

5         MR. LIVIZ: Right. Yes, I did.

6         THE COURT: All right. So as to those people,

7    did they retain you to bring and authorize you to file

8    this action on their behalf?

9         MR. LIVIZ: Yes.

10        THE COURT: All right. And were you under a

11   bar not to speak to them before you filed this action,

12   did that bar arise before you filed this action?

13        MR. LIVIZ: No.

14        THE COURT: It was after?

15        MR. LIVIZ: Correct.

16        THE COURT: Then why can't you provide now --

17   not orally in open court, because I'm prepared to let

18   you file it under seal, but in writing, right now, the

19   names and addresses of those people? And why aren't

20   they here? Are they here? That's my first question.

21        MR. LIVIZ: What?

22        THE COURT: Are they here?

23        MR. LIVIZ: Your Honor, I keep getting

24   compound questions here. First of all --

25        THE COURT: That's not a compound question.

1    MR. LIVIZ: Well first you asked about why

2  can't I do it, but then you said, "Are they here?"

3    THE COURT: Yes, I've changed the question.

4  So the first question is, "Are your clients here?"

5    MR. LIVIZ: That wasn't the first question,

6  that was like the second question.

7    THE COURT: I changed it. Are -- you don't

8  have to answer the other questions at them moment.

9    MR. LIVIZ: Um, I could answer them.

10    THE COURT: The question is "Are your clients

11  here?"

12    MR. LIVIZ: Let me take a look here.

13    (Looks around courtroom.)

14    MR. LIVIZ: No, they're not.

15    THE COURT: All right, I ordered you to have

16  your clients here, so why are they not here?

17    MR. LIVIZ: (Pause.) Um, I asked the clients

18  to be here. If you did order them to be here, then that

19  would be my fault. I did notify them, asked for the

20  clients to be here the way I could --

21    THE COURT: Not the class, we're talking about

22  the named plaintiffs.

23    MR. LIVIZ: One client, I believe, is still

24  in, um, a drug, um, a rehab-type of situation.

25    THE COURT: When was the last time you spoke

1   to that client?

2           MR. LIVIZ:  5 1/2 -- 5 months.

3           THE COURT:  So you don't know whether that

4   person's in rehab or not?

5           MR. LIVIZ:  I spoke to the mother and the

6   mother said that she was and she's unavailable.  I mean

7   it -- whether I know or not, it could change as of

8   yesterday.  The point is, is that I don't have a

9   protective order, so I'm in a situation right now where

10  my whole class action was thrown under the bus and I got

11  no protection from this court.

12          THE COURT:  Okay, it's not your class action,

13  it's the plaintiffs' class action.  You're the lawyer.

14          MR. LIVIZ:  Well, your Honor, my plaintiffs

15  had their kids taken and nobody else stood up for them.

16  I was the first one to actually stand up and do

17  something.

18          THE COURT:  I understand, but we're taking

19  this step by step.

20          So on January 11th I issued an order and which, um

21  -- well actually that's the second order issued.

22          (Talks to Clerk.)

23          THE COURT:  I ordered you -- the first order,

24  I ordered you to file the list of names, I scheduled a

25  hearing, and I said that those people should come today.

1   Not "should," that they "must."

2        So January 4th --

3            MR. LIVIZ:  Can I respond?

4            THE COURT:  -- the last line of the order,

5   Docket Number 55, then you can respond.

6            MR. LIVIZ:  Sure.

7            THE COURT:  "Each individual plaintiff named

8   in the complaint shall appear in person at the January

9   22 motion hearing."  The January 11th order, in which I

10  ordered you to make the filing you hadn't made, um,

11  said, "There is no change in the other provisions of the

12  order issued on January 4th."

13           (Pause.)

14           MR. LIVIZ:  So in other words you're saying

15  that they had to be here?

16           THE COURT:  That's how I understand those

17  words, "Each individual plaintiff named in the complaint

18  shall appear in person at the January 22 motion

19  hearing."

20           MR. LIVIZ:  Well, your Honor, I did not relay

21  the message of them having to be here, that would be my

22  fault, I misread the order on that part.  It did ask

23  them to be here and, um, that's as far as I went.

24       So if they missed -- if they, um -- but again, you

25  know, you have to understand, your Honor, that at this

1   point I don't think that any of my clients even felt

2   that I was doing anything. In other words, um, I had

3   one of my clients basically in juvenile court, I was

4   removed, and she walked out and looked at me and said,

5   "I think I'm about to throw up right now," and walked

6   away and was instructed not to speak to me.

7          THE COURT: You were removed from representing

8   this person?

9          MR. LIVIZ: Correct.

10         THE COURT: So if you were removed from

11  representing this person, how is this person your

12  client?

13         MR. LIVIZ: Because they're -- that's a

14  juvenile court matter, this is a federal court matter.

15         THE COURT: Were you -- why were you removed

16  from representing that person?

17         MR. LIVIZ: I don't know. I think because --

18  well I'll tell you, I mean you want me to guess, you

19  want me to speculate?

20         THE COURT: I don't want you to guess or

21  speculate. I want to know whatever order issued that

22  removed you as counsel for that person, what did that

23  order say in writing --

24         MR. LIVIZ: There isn't -- I don't know.

25         THE COURT: -- or if it was oral?

1         MR. LIVIZ: I don't know.

2         THE COURT: So you didn't see or hear the

3 order?

4         MR. LIVIZ: I was ordered to stay outside of

5 the room, she was ordered in, and then she walked out

6 and wanted to throw up, and I said, "What's going on?"

7 And I couldn't even speak to her. And I know that when

8 I spoke to the judge, the judge before, um -- I feel

9 like that there was a federal investigation that was

10 ongoing and I'm being messed with. But I don't know.

11         THE COURT: You feel like there's a federal

12 investigation of you?

13         MR. LIVIZ: Yeah. No, not of me, but of the

14 system.

15         THE COURT: Oh. All right.

16         MR. LIVIZ: I mean again I'm speculating. But

17 as it stands right now, we're sitting here talking about

18 a court order, it's been 5 1/2 months, nothing's been

19 done, I raised --

20         THE COURT: With all due respect, something

21 has been done. You filed the complaint, this case

22 proceeded in an orderly fashion --

23         MR. LIVIZ: No, it did not. It's been --

24         THE COURT: You can disagree with that, and

25 that's fine, I understand that you might not agree with

the way I've managed the case.

You filed, on August 9th, a motion for a preliminary injunction and a motion to certify a class and appoint you as lead counsel. Summonses were issued on that day to you. On August 13th, you filed an amended complaint. On August 13th, I issued an order denying without prejudice your motion for a protective order, denying without prejudice your motion to expedite discovery and set a scheduling order -- in your motion for a declaratory judgment, and I said, "No later than 7 days after the filing of proof of service on all defendants, you shall confer with defense counsel and file a joint status report stating your joint or separate positions regarding a schedule for resolution of the motion for a preliminary injunction, a schedule for resolution of the motion for class certification, and any other matters either party wishes to address."

MR. LIVIZ: What day was that?

THE COURT: That was on August 13th, four days after you filed the complaint.

MR. LIVIZ: Okay.

THE COURT: There were various other filings along the way, um, and rulings in timely fashion by me with regard to the various orders, and then I reviewed the submissions of the parties, and on September 26th I

1  set a schedule. I said: "Discovery in the motion for

2  injunctive relief and class certification are stayed

3  pending a ruling on a motion to dismiss that the

4  defendants said they intended to file." And I set a

5  date for November 13th for the defendants' motion to

6  dismiss with an opposition due 14 days thereafter, and

7  said "I would establish a further schedule after ruling

8  on that preliminary motion to dismiss."

9       On September 28th, judgment was recorded on the

10  docket of this court that the United States Court of

11  Appeals had denied a petition for writ of mandamus. Um,

12  and there are various other proceedings as reflected on

13  the docket.

14       On November 13th, there was a motion to dismiss

15  filed -- two motions to dismiss filed by two of the

16  defendants, or two groups of defendants.

17       And on November 21st, Mr. Fabella, the lawyer who

18  might appear by telephone, who went to Worcester, filed

19  a motion to dismiss.

20       And on December 18th, another lawyer, Katherine

21  Kenney, filed a motion to dismiss.

22       So you are -- lawyers are frequently, and fair

23  enough, unhappy with or disagree with the disposition or

24  management in rulings of the Court, and that's fine, I

25  have no problem with that, we have an adversarial

system, but the case hasn't been ignored is my point.

So coming back to the matters at hand and I'll summarize where I think we are.

As I understand it, there are five named plaintiffs. To date you haven't complied with my order to file the names and addresses of the plaintiffs. At least as to one of those plaintiffs, where you represented that plaintiff in juvenile court, for reasons that were not provided to you, the juvenile court apparently removed you as counsel for that person in juvenile court proceedings and instructed --

MR. LIVIZ: I was removed for all of them.

THE COURT: For all five?

MR. LIVIZ: Yeah, I was removed.

THE COURT: All right. So the five people here --

MR. LIVIZ: No, I'm sorry, four, I was removed from -- I'm sorry, three. What am I'm thinking? Um, I apologize for interrupting you, but I did want to -- um, interrupt you in terms of the way this was moving.

I also want to mention for the record September 12th, Document 13, and October 2nd, Document 31, we're asking for expedited, um, as well as a show cause hearing, and those were ignored. So there's other hearings that were requested that were not addressed by

this court.

THE COURT:  And so the record is clear, Docket 31 is your "Emergency motion to expedite limited-scope discovery or alternatively issue a writ of mandamus compelling the U.S Attorney to perform their duty pursuant to a certain federal statute."  You filed that on October 2nd.  It wasn't ignored.  On October 3rd, after reviewing that motion, I entered an order denying that motion.

So you might disagree with my ruling, fair enough, but it was not ignored.

MR. LIVIZ:  What about September 12th, Document 13?

THE COURT:  Well ordinarily we don't spend time at oral argument with me telling you what the document says, but I'm happy to review it so the record is clear in this case.

On September 12th you filed an emergency motion for "An order to show cause by writ of habeas corpus should not issue for children by" -- and then you listed the various pseudonyms.

Putting aside the fact that, just as a practical matter as a lawyer, Mr. Liviz, if you file an -- if I had granted your motion -- well, so first, I ruled on your motion the next day, on September 13th, I entered

1  an order with respect to that motion, um, resolving it.

2  So it wasn't ignored. I entered two electronic orders

3  on that date and resolving those motions. So, one, it

4  wasn't ignored.

5  Two, if you think about the motion and what you

6  actually wanted, a writ of habeas corpus is an order of

7  the court to bring someone before the court, but if we

8  don't know who it is to bring before the court -- for

9  example, if there's an order to bring -- if what you

10  were looking for was an order to bring the child of

11  Parent A before the court and you have never provided

12  the name and address, even under seal, of Parent A, even

13  if I had issued that order, which I didn't, there would

14  be no way for me to direct anyone to do that, and no

15  way, for example, if the, um, whatever agency the

16  government was going to try to enforce the Court's order

17  to comply.

18  MR. LIVIZ: I respectfully disagree, your

19  Honor, you could have just issued an order and said,

20  "fill in the blanks." I mean obviously it's a parent

21  and there's only -- and the children are listed.

22  THE COURT: I guess that misunderstands my

23  view of a writ of habeas corpus. I don't issue blank

24  writs of habeas corpus for lawyers to fill in the names

25  of the persons to be brought potentially under --

1    actually under court compulsion.

2    MR. LIVIZ: Your Honor, what would you like me

3    to do?

4    THE COURT: I've told you what I want you to

5    do.

6    MR. LIVIZ: Okay, you want me to provide you

7    with names? I'll do the best I can. I'll do it by the

8    end of the day, if you'd like me to.

9    THE COURT: So hold on, I just want to clarify

10   where we are. There are Parents A. B, C, D, and E in

11   this complaint, right, five parents named as named

12   plaintiffs?

13   MR. LIVIZ: Correct, your Honor.

14   THE COURT: All right. So as to three of

15   those people you say you were representing them in

16   juvenile court proceedings and you were removed by the

17   juvenile court as their counsel and directed not to

18   communicate with them, is that correct?

19   MR. LIVIZ: All right. So -- let me make sure

20   I do this. Okay.

21   (Pause.)

22   MR. LIVIZ: Correct. So I believe two of them

23   were, um -- I believe only one was, um -- only one is

24   available as a parent, which I'm -- she's apparently

25   back in Lowell, I'm not sure what the address is. I'd

1    have to find out what the address is.  One I believe is

2    a state agent.  Another one, I believe, was also an

3    investigation.  Um --

4            THE COURT:  This is what I -- this is what I

5    have wanted and what you have provided, the name, the

6    actual full name and actual address for Parents A, B, C,

7    D, and E.  I've been operating under the assumption, in

8    this case, that I operate in every case, and that is

9    that when a lawyer files a case, that at the time the

10   lawyer filed the case, the persons who were named as

11   plaintiffs in that case have retained that person, the

12   lawyer, to be their lawyer, and authorized the filing of

13   the lawsuit.  Now, based on what you told me, I'm

14   concerned more so as to whether that's happened.

15           So what I want you to do is what I've wanted you

16   to do all along, and I ordered you to do twice and you

17   disregarded, which is (A) file the list of the five

18   names with a name and address.  (B) I want you to

19   identify as to each of those people which ones, if any,

20   you have been, in juvenile court proceedings, removed by

21   the juvenile court as their lawyer.  You could just say

22   -- you don't have to say why, you don't have to

23   speculate, but I want to know --

24           MR. LIVIZ:  Why do you need this information

25   to go forward when I can just tell you right now that

1   the rulings in the Supreme Judicial Court, basically the
2   removal of children for a period of a year plus, by a
3   fair preponderance of evidence, is in violation of
4   *Santosky?  Santosky,* that was issued by the SCOTUS, the
5   Supreme Court, says you need it by clear and convincing
6   evidence.  Right now we can get a declaratory judgment
7   that says that the use of --
8           THE COURT:  I don't have --
9           MR. LIVIZ:  Globally I could just make --
10  I could just enter one for basically public policy as a
11  realtor.  I don't even need them.  I could just said,
12  "Hey, they're using the wrong standard."  That's not the
13  correct standard.
14          THE COURT:  The answer to that is very
15  straightforward.  This court, and no federal court, has
16  subject matter jurisdiction unless there's an actual
17  case in controversy, so you actually need a plaintiff
18  who's aggrieved to bring a case.  If what you're saying
19  is the SJC is issuing decisions in violation of the law
20  as announced by the United States Supreme Court, the
21  people in those cases whose decisions -- who lost the
22  case because of that improper ruling, can appeal to the
23  United States Supreme Court to tell the Supreme Court
24  that in your view -- assuming you represent them or
25  whomever represents them could do it, that the Supreme

Judicial Court of the Commonwealth of Massachusetts is disregarding what the Supreme Court has said the Constitution requires.

MR. LIVIZ: Your Honor, can I have a protective order then? Because, like I said, you're saying I need a -- I need a person to bring in. Well that person is being removed by the state. That state's saying "No, no, no, no, no, we're going to hide him." Give me a protective order. If they're going to say "Black people are going to be lynched," am I going to have to appeal to the Supreme court? If they're going to say "Homosexuals are going to have to wear little bands that says 'We're homosexuals,'" am I going to have to appeal to the Supreme Court? There's due process violations that's ongoing. I'm telling you that these are being removed from my cases.

I asked for a protective order so I can tell them, "Hey, you've got a protective order," and you're like "Well, I can't do it," so then the state removes me. I'll put myself as an individual that's injured. I'm telling you right now that there's wrong standards, they're abusing their powers. I come into a court of law for help and I'm getting bounced, I'm getting bounced back and forth. I need a protective order in order to get these addresses. Without the protective

order, they're going to be gone, and the next person is going to be gone, because I won't be able to represent them.

THE COURT: Why can't you make the filing without a protective order? First of all, what is this protective order that you're now describing, what do you want it to say?

MR. LIVIZ: It's simple, that the state court cannot remove me as attorney for the parents. The parent walked out and looked at me and said, "I think I'm going to throw up." Why would she say that, your Honor?

THE COURT: I'm not giving you that order without knowing more about it.

MR. LIVIZ: Well can I talk about it?

THE COURT: You don't need that order to comply with my order.

MR. LIVIZ: Yes, I do, because some of them I won't even be able to get in contact because they're ordered not to talk to me.

THE COURT: If there is a state court order that -- that --

Does it apply to you or to them?

MR. LIVIZ: The state court order says "You, Parent D, can't talk to me." You're telling me to go

1  back to the parent and ask for information, but I'm

2  ordered not to speak to them.  I want a court order from

3  you that says "No, you have the right to talk to me and

4  that order was incorrect."  And I feel like I'm being

5  played here.  None of this makes sense.

6        THE COURT:  I want to see -- if you want me to

7  issue an order directing these people to talk to you, I

8  want to see a copy of the state court order that says

9  that.  But in the meantime --

10        MR. LIVIZ:  I can't get it.  I'm not on the

11  case.  It's impounded.  I need a court order from you to

12  do that.

13        THE COURT:  If you are the lawyer for these

14  people, you would know at least their old name and --

15        MR. LIVIZ:  Some of these are no longer --

16  they're representative, but I can't even get a contact.

17        THE COURT:  But you represented them -- you

18  filed this case --

19        MR. LIVIZ:  Correct.

20        THE COURT:  So when you filed this case,

21  presumably they had retained you to --

22        MR. LIVIZ:  Yes, and I have their signature.

23        THE COURT:  And I want you to file their

24  names, their addresses, or at least what you know --

25  what their address was when they retained you at the

1   time you filed -- what their address was at the time you

2   filed this lawsuit, and as best you understand it what

3   their address is now. You can do all of that without

4   violating any state court orders. And if you have a

5   written agreement, if you have any sort of agreement --

6       MR. LIVIZ: Yes, I do, for all of them.

7       THE COURT: I want to see a copy of that

8   agreement.

9       MR. LIVIZ: Okay. Your Honor --

10      THE COURT: And if you're telling me that the

11  state court order -- you're saying that there are state

12  court orders entered in juvenile court proceedings that

13  prevent you from being their lawyer and you don't know

14  why --

15      MR. LIVIZ: Right here. This was filed back

16  on August 9th.

17      THE COURT: This is what you filed, but it's

18  not a copy of the state court order.

19      MR. LIVIZ: I don't have access. It's

20  impounded. I'm removed. I can't have access, the state

21  blocked me out. And you, sir, did not give me any help

22  to get it.

23      THE COURT: All right. So, um, I want the

24  list though that I've described.

25      MR. LIVIZ: Yes, sir.

1      THE COURT:  You haven't given it to me up till

2   now.  If you're going to file it, I want it filed by

3   4:00 p.m. tomorrow on the docket.

4      MR. LIVIZ:  Okay.

5      THE COURT:  You can file it under seal if you

6   wish.

7      Do you wish to file it under seal?

8      MR. LIVIZ:  Um, it would be a lot easier for

9   me to just upload it on ECF, but I mean, um -- is there

10  any way I can just e-mail it?  Your Honor, it would be a

11  lot easier for me if I can just get the e-mail of your

12  clerk and I'll be able to e-mail you -- all five of the

13  signatures that I have, I'll e-mail to her and she

14  should be able to give it to you.  That would be the

15  quickest way to get it to you.  If that's what it takes

16  to --

17     THE COURT:  Okay, you e-mail it by 4:00

18  tomorrow and you mail the paper copy to the court, you

19  drop it in the mail tomorrow, so it's postmarked

20  tomorrow.  So you do both.  I want copies of the paper

21  documents, but you can send it by e-mail as well.  So

22  send it by e-mail tomorrow, but you mail it as well.

23  It's going to be, one, the names and addresses of the

24  five plaintiffs.  Two, it's going to be copies of

25  whatever the retainer agreements are.  You still haven't

explained to me why you ignored the orders, but we'll move on at the moment from that.

Any of the defense counsel understand why he's been removed as lawyers for some --

And, by the way, you're going to also say, for each of these five plaintiffs, which ones you have been removed as counsel, as you understand it, by the juvenile court and, um, which ones are subject to orders not to speak to you.

Is that all five or just some of the five?

MR. LIVIZ: Um, so, your Honor, one moment. So here -- that's the throw-up. Let's see. Then that one. Um, another one said I was fired. And then, um, sued me for bad representation. So that's one, two, three, and -- um, I think that was it.

And what was the other one? What happened to the other one, why did I get removed from that one? I'm trying to think. Oh, the other one was because -- the reason I know it was an investigation is because, um, I'm filing my motions and then all of a sudden I see the jaw drop trying to remove the motion and the statement made "The state cannot sue itself." And, um, I prepared my SJC filing and all of a sudden I don't know what happened, there was, um -- but I was not even allowed to advocate.

1    I mean clearly there's a background class action

2  going on here that I believe this judge is on that

3  clearly I'm not able to remove myself from this court

4  and my hands are tied, and I mean I can try to appeal

5  it, but I didn't get nowhere with the First Circuit.

6    Um, three, your Honor, that I believe.

7    THE COURT:  So three of the five you've been

8  removed as their lawyer, um, is your understanding by

9  the state court?

10    MR. LIVIZ:  Correct.

11    THE COURT:  Two of the five, your

12  understanding is you have not been removed as the lawyer

13  by the state court, is that correct?

14    MR. LIVIZ:  To the best of my understanding.

15  I have to review it.

16    THE COURT:  And one of the five has sued you

17  for malpractice?

18    MR. LIVIZ:  I don't know what it's titled.

19    THE COURT:  One of them has sued you for some

20  sort of unhappiness that arose out of your

21  representation of him or her?

22    MR. LIVIZ:  Correct, but I believe it's part

23  of the, um, part of whatever's going in the background,

24  because it was not the typical type of disgruntled

25  client, but more of like a pre -- a pre, um -- you know

1    when you tell them "Hey, you need to do this" and then

2    somebody does it and they're doing it because they're

3    supposed to do it without actually wanting to do it or

4    understanding why they're doing it, in other words like

5    a puppet-type of thing. So it didn't really feel like

6    it was a real type of thing. And it was also located in

7    a court that I believe was investigating in the

8    background.

9              THE COURT: So let me -- I want the filing by

10   4:00.

11             MR. LIVIZ: Got it, by 4:00. That's done.

12             THE COURT: And you're going to e-mail it to

13   Ms. Montes or Ms. Simeone and you're going to mail it in

14   tomorrow, the copies, the names, the addresses, the

15   retainer agreements, and the identification as to each

16   person whether you've ever been removed by them, by the

17   state court as a lawyer, whether they fired you or not,

18   or whether they've sued you or not, as to each of the

19   five. And these, um -- because I have to say I'm

20   concerned -- the reason I'm asking about this is I'm

21   concerned as to whether these people -- whether you can

22   actually -- (A) whether these people authorized you to

23   bring this lawsuit and (B) whether you can actually

24   represent these people.

25             For example --

1   MR. LIVIZ: I'm concerned too, your Honor.

2   I'll be more than happy to just get rid of them. I

3   could just file myself as a realtor. I could represent

4   myself. This declaratory judgment needs to be placed.

5   They're violating a Supreme Court's order that you have

6   to have clear and convincing evidence to be able to

7   separate parents and children for long periods of time.

8   You've got a year and a half based on a preponderance of

9   the evidence. You can't do that. That's unlawful.

10   THE COURT: That brings us to the final

11   question and the reason for the hearing, which is Rule 8

12   of the Federal Rules of Civil Procedure requires a

13   complaint to be a short and plain statement of the

14   claim, and here you filed a, um, a complaint that spans

15   199 pages without exhibits. And so, um, you know the

16   reason we're here is the defendants have said

17   essentially, "Judge, this is not a short and plain

18   statement and we can't meaningfully respond to this."

19   What do you say to that?

20   MR. LIVIZ: First of all, your Honor, I

21   respectfully disagree, we're not here because of that,

22   because only one defendant actually met with me pursuant

23   to Local Rule 7.1 that requires meaningful conference.

24   And I specifically in my e-mail -- and I'd like to

25   direct your attention, since we're shifting gears here,

1   if we can go to -- um, if we can go to Docket Number 49,

2   um, and -- if we can go to Document 49, we'll see that

3   it's basically an Exhibit A that I attached.

4       In Document 49, if we look, for example, at Page

5   3, it says, for example, the state, who's represented by

6   Assistant Attorney General Anna Rachel Dray-Siegel,

7   says, um, pursuant to Federal Rule of Civil Procedure 8,

8   "Please consider this communication to present my

9   attempt to confer regarding State defendants'

10  anticipated Rule 8 motion to dismiss."  And I respond,

11  "Dear Anna Rachel Dray-Siegel, I believe we can make a

12  compromise.  I'm willing to rewrite, summarize, or put

13  in different words anything that you don't understand."

14  And notice I said "I'm willing to rewrite."  She wrote,

15  "The complaint is far too lengthy and confusing to

16  provide them with appropriate notice of the claims

17  against them and an opportunity to respond.  If we break

18  down what you wrote it translates to (1) too lengthy,

19  (2) too confusing or an appropriate notice of claims,

20  (3) an opportunity to meaningfully respond."  And I put

21  "(1) Too lengthy."  "Would creating bullet points or

22  providing me with Cliff notes like summarize and resolve

23  the problem?"  And notice again I offered to rewrite it.

24  I still can offer to rewrite it.  So this is not a

25  proper Rule 8 before the court.

          THE COURT:  There are two ways to do that.
You can talk to opposing counsel, you can find out what
the issues are and then you can reach some sort of an
agreement, and then you file a revised complaint.

          MR. LIVIZ:  I did that.

          THE COURT:  No, the one that you filed that's
the operative complaint right now is 199 pages.  You
talked to her.  Agreed.  But if in fact, after reading
her motion, okay, you feel that it is confusing and too
lengthy, what you do is you propose, "Judge," you could
write an opposition, say it complies with Rule 8, and if
you think it doesn't, "Here is a 15-page much shorter
streamlined focused complaint," and we'll offer that.
But all I have in front of me is either you're correct,
it complies with Rule 8, they're correct that it doesn't
comply with Rule 8, or if it doesn't comply with Rule 8,
I have your assertion that you would provide them Cliff
notes, okay, or that you could rewrite it.  But I don't
have any rewrite.

          MR. LIVIZ:  I respectfully disagree with you,
your Honor, it's not properly before the Court.  For you
to be able to hear this Rule 8 motion, they have to
comply with Rule 7.1.  So your first question should be
whether they did comply with Rule 7.1?  Before we get to
the Rule 8.

So I'd like to ask this Court, did they or did they not comply with Rule 7.1?

THE COURT: The way it works is I get to ask the questions.

MR. LIVIZ: Sure.

THE COURT: You can raise the issue about whether -- so what I understand you to be saying to me is you don't think I should hear the Rule 8 motion because you don't think they sufficiently conferred. I'm not going to deny their motion at this stage of this case on the grounds that they didn't sufficiently confer. The point of conferral is to get the lawyers to talk to each other about the issues.

In my experience, though I'm a big believer in Rule 7 and conferral, by the time we get to the motion hearing, if the two of you -- well it's not the two of you, but the two sides, haven't reached resolution as to the issues or narrowing of it, that -- usually it's presented, then in my view, at least in this case, the best course is to proceed to address the motion. So --

MR. LIVIZ: Can I have 24 hours to rewrite it then or actually a week? How many pages would you like me to make it, a page? 5 pages? Two paragraphs?

THE COURT: Oh I don't know how many pages. But what do you have to say about whether it

1    complies with Rule 8?

2              MR. LIVIZ:  I'm sorry, sir?

3              THE COURT:  Do you want to address orally

4    whether the complaint complies with Rule 8?

5              MR. LIVIZ:  Your Honor, I am filing a class

6    action based on systemic defects that are alleging three

7    branches of government, both the executive, the

8    legislative, and the judicial, that's three branches of

9    government.  199 pages is not enough.  And this motion

10   is frivolous, it should not have even been filed in

11   court, because everything is organized, it's -- it's --

12   it has a table of contents, and it makes sense.  In

13   other words it shouldn't -- the question should be why

14   are we even here when it clearly outlines what the

15   defects are?  And it has references to state -- to

16   federal Supreme Court law that says what's happening is

17   illegal.  It's unlawful.

18             THE COURT:  Do you know the difference between

19   a "brief" and a "complaint"?  This is --

20             MR. LIVIZ:  I'd like to answer your question.

21   A brief is a memorandum, you know it talks about -- it

22   justifies.  A complaint is factual assertions.  And in

23   this you have additional information, but I try to limit

24   it with footnotes.  And so the answer is, could I have

25   redacted it further?  Yes, I could.  But because it's a

complaint that alleges -- a novel complaint that hasn't been filed before -- we have childrens' class actions that have been filed before, we don't have a parent's class action, and that I believe filing a complaint without a memorandum would not be fair to file before the Court. I made it to make it easier for the Court and my opposing counsel so that they can better understand it.

If I was to file it with just assertions, as you say, it would not be as easy to understand, it would not make as much sense, and I believe it would make sense to actually request -- whether by brief or memorandum, to support why the complaint can even go further past Rule 8, because it still has to abide by Rule 12(b)(6) of being plausible.

As we know in, um, the new standard that came out with the Supreme Court that requires for a claim of relief to be plausible --

THE COURT: Yes.

MR. LIVIZ: -- I couldn't show it to be plausible without actually writing it in the way that I did. So it's one of those Catch 22s, fail at Rule 8 or fail at 12(b)(6). I guess it could have been done separately where you have just a complaint and then a brief filed with it to support the complaint, and I

1   could certainly do that, the work is already done. It
2   would not take me but -- it would not take me but one
3   night to separate it.
4           THE COURT: Okay, let me hear from the
5   defendants. Thank you, Mr. Liviz.
6           First, do any of you have any insight into why
7   Mr. Liviz has been ordered not to represent some of
8   these plaintiffs in juvenile court?
9           MS. DRAY-SIEGEL: And I have no information
10  indicating that he has been forbidden or a court order
11  to that or any information pertaining to that.
12          THE COURT: So you just don't know either?
13          MS. DRAY-SIEGEL: No, I don't know either way.
14          THE COURT: And is that the same for the other
15  two?
16          MS. PAQUIN: Likewise, your Honor.
17          MS. SILVA: Yes.
18          THE COURT: Okay. So it may be absolutely
19  correct, but it's simply a matter about which you don't
20  know?
21          MS. DRAY-SIEGEL: I have no information
22  indicating one way or the other.
23          THE COURT: Okay.
24          One of my concerns is adjudicating a case in which
25  -- and the reason I want the names is where there's

1 questions, and now there's more questions about the

2 capacity or the authority of counsel to represent some

3 or all of the plaintiffs. So that hopefully will be

4 resolved by what I receive tomorrow, or if it causes

5 further questions or matters to be inquired into, then I

6 will -- there will just be another order and we'll brief

7 that or what have you.

8     But do you have any general views about that which

9 you wish to speak now?

10     MS. DRAY-SIEGEL: Yes, your Honor. Even if we

11 do know who the actual plaintiffs are in this suit, um,

12 we still feel -- the state defendants still feel that it

13 violates Rule 8, and furthermore that, as a result of

14 those violations, that they rise to the level of

15 egregiousness that this case should be dismissed without

16 providing an additional opportunity to amend the

17 complaint.

18     THE COURT: Well briefly explain to me why you

19 think it violates Rule 8?

20     MS. DRAY-SIEGEL: Um, well for example, your

21 Honor, you highlighted the length, it's 199 pages, 568

22 paragraphs, it enumerates 22 causes of action, but in

23 addition to mere length, um, he made the complaint

24 averments, um, they're not short, they're not plain,

25 they're not simple or direct. I went into greater

detail in my motion.  But just to highlight a few of the
pleading deficiencies that the State defendants believe
are characteristic of the amended complaint as a whole.

It contains sweeping assertions that are divorced
from actual factual allegations.  For example, Paragraph
2 is a summary of real news that makes broad and
unsubstantiated claims about the socioeconomic status of
parents who are involved with the Department of Children
and Families, about the social workers, et cetera.  It
makes allegations, um, about parents and the Department
being forced to receive chemical treatments to treat
their alcoholism.  It makes very sweeping, very
generalized things that are not tethered to any
allegations regarding a specific defendant or indeed
even a specific plaintiff.

The amended complaint is also confusing, it
appears to ask this Court, in one part, to overturn a
Supreme Court decision, and that's at Paragraph 37.  It
appears to contain paragraphs that are directly copied
from complaints in other proceedings that have nothing
to do with this one, and that would be Paragraphs 439
and 478.

It advances numerous premature legal arguments.
For example, at Paragraphs 203 to 210, it spends 6 pages
anticipatorily advancing a tangential argument about why

1    it is not framed as a class action on behalf of the

2    children.  It liberally quotes from federal acts without

3    again directly tethering them to any sort of

4    allegations.  We know that a pleading is not an

5    appropriate place to raise these sorts of arguments or

6    bring all this legal analysis into the foray.

7         It also attempts to incorporate a large variety of

8    irrelevant background material, for example at one point

9    it incorporates by reference a 93-page motion that was

10   filed by Attorney Liviz in another unrelated matter and

11   it purports to incorporate by reference materials that

12   may be filed in the future in this case.

13        And overall all of this, and together with some of

14   the other deficiencies that we have highlighted in our

15   motion to dismiss, do not adequately inform the

16   defendants what the alleged misconduct is.  He doesn't

17   tie that to specific facts.  Again we don't know who the

18   plaintiffs even are.  Our hands are tied in terms of

19   trying to respond to this very lengthy complaint.

20             THE COURT:  Let me ask you a different

21   question.

22             MS. DRAY-SIEGEL:  Yes.

23             THE COURT:  It's a proposed class action?

24             MS. DRAY-SIEGEL:  Yes.

25             THE COURT:  For counsel to -- for any lawyer

1    in any proposed class action, it needs to be approved by

2    the Court in order to represent the class.

3         MS. DRAY-SIEGEL:  Yes.

4         THE COURT:  The issues that we've discussed

5    here today give me concern about whether Mr. Liviz could

6    be certified to represent a class, especially if he's

7    been sued by one of the members of the class, and about

8    his representation and if the State court in some cases

9    has, um, determined that he's not appropriate to

10   represent some of these people in juvenile court

11   proceedings.

12        So what, if any, significance would that have if I

13   came to that conclusion -- and maybe it's premature to

14   address that question, but what significance does that

15   have vis-a-vis -- does that have any significance

16   related to the viability of the -- I mean if it's not a

17   class in theory, I mean assuming it's viable, it could

18   proceed with respect to the named plaintiffs, right?

19        MS. DRAY-SIEGEL:  Your Honor, I think in that

20   case it would still violate, we would have these

21   fundamental --

22        THE COURT:  Right, it doesn't solve Rule 8.  I

23   understand.

24        MS. DRAY-SIEGEL:  Right.

25        THE COURT:  I mean if you're right about Rule

1      8, it at least has to be restated or it's dismissed.

2      But if it -- but what is the significance to the case,

3      at least as to the named plaintiffs' claims, if there's

4      that problem with the class?  Does that just mean a

5      different lawyer might have to represent the class or

6      does that mean -- does that have some significance with

7      respect to the actual individual claims of the

8      individual plaintiffs, assuming that there are

9      individual claims?

10              MS. DRAY-SIEGEL:  Yes, um, I'm not quite sure

11     how to answer that, your Honor.

12              THE COURT:  Fair enough.

13              MS. DRAY-SIEGEL:  Understanding that he's

14     making a wholesale challenge on the Massachusetts child

15     welfare system in general, but still feeling like I

16     don't really know what we're actually talking about

17     here, it's sort of hard to talk about what the impact of

18     there being a class versus just five plaintiffs or some

19     subset thereof.

20              THE COURT:  Do either of the defendants, the

21     other defense counsel, have anything to add to what she

22     has said?  You don't waive anything by resting on your

23     briefs, but if you have something to add, now is the

24     time.

25              MS. PAQUIN:  Your Honor, I'm not sure if I'm

1    answering what you're asking, but I represent defendant

2    O'brian who is a private attorney who does work for the

3    Committee for Public Counsel Services, CPCS, and so I

4    have concerns that if this were a class action, um, I'm

5    not entirely certain that defendant O'brian would be an

6    appropriate defendant. But I'm not sure that that's

7    what you're really asking about at this juncture.

8    That's certainly something that I would be concerned

9    about if this were certified to be a class. Because the

10   allegations --

11              THE COURT:  That seems to me it questions --

12   I've stayed the motion for class certification, so it

13   seems to me that would be, um -- at the moment all there

14   is is these capacity questions or questions about the

15   plaintiffs and the Rule 8 motion. There are -- I

16   can foresee that you might be raising a variety of

17   issues in that regard depending on the shape -- whether

18   the case goes forward and if so what shape it takes.

19   But I think those would be later.

20              MS. PAQUIN:  I would tend to think so, your

21   Honor.  I just wasn't sure exactly how far along the

22   road you were --

23              THE COURT:  Sure.

24       I was wondering, Mr. Liviz, if I came to the

25   conclusion -- which I haven't reached yet but if I came

1   to the conclusion that Mr. Liviz was not a lawyer whom I

2   could authorize to represent the class, what is the

3   significance of that if we get to -- assuming we got

4   over Rule 8 and all of that, what does that do to the

5   claims of the individual -- is that something I

6   shouldn't think about till now or does that have some

7   effect on the claims of the individual plaintiffs?

8         MS. PAQUIN:  Assuming some other attorney was

9   certified to represent the class and had authority to do

10   so, um, I would think that that wouldn't necessarily

11   change the analysis of the claims.

12         THE COURT:  Okay.

13     Anything you want to add?

14         MS. SILVA:  The only thing that I would add,

15   um, in regards to --

16         THE COURT:  Remind me who you represent?

17         MS. SILVA:  I represent defendant McKenna,

18   who's another one of these CPCS attorneys.

19         THE COURT:  Okay.

20         MS. SILVA:  I just would add that, um, after

21   reading the complaint, McKenna isn't identified

22   individually at all in the 21 causes of action.  We

23   believe that we have identified, um, the parent

24   plaintiff who she represented.

25         THE COURT:  "McKenna" is M-C-K-E-N-N-A?

1    MS. SILVA: Yes.

2    THE COURT: All right. And so other than the

3    caption, she appears in Paragraph 93, which is just the

4    paragraph that says she's an attorney admitted to

5    practice and where her office is located, and she

6    appears in Paragraph 202.

7    But you're saying she doesn't appear in any other

8    paragraph in the complaint?

9    MS. SILVA: Yes, your Honor.

10    THE COURT: And putting aside Rule 8, is your

11    point "What is she doing here in the complaint?"

12    MS. SILVA: Yes, your Honor.

13    THE COURT: I get it.

14    Okay, anything else you want to add?

15    MS. SILVA: And separate and apart from that,

16    um, just in regards to Attorney Liviz producing the

17    names and addresses under seal, um, we have identified

18    who we believe is the parent plaintiff, um, although

19    from reading the complaint we believe that it was the

20    father or the husband of the parent plaintiff who

21    defendant McKenna represented. So my only comment would

22    be, if the next step of the case -- if the case is going

23    to proceed, defendant McKenna would want to know at

24    least the name of the --

25    THE COURT: I'm not authorizing an ex parte

1    filing.

2          MS. SILVA:  Okay.

3          THE COURT:  So we're all clear -- and that's a

4    good question, because sometimes people are confused,

5    I'm authorizing Mr. Liviz to file it under seal.  "Under

6    seal" means it's not public and I'm doing that because

7    of the nature of the issues at stake in the case and

8    until I know more about the case I'm prepared to accede

9    to a lawyer's assertion, somewhat unopposed, that at

10   least in a preliminary way the names of the plaintiffs

11   ought be shielded from public view.  Whether that would

12   persist, I don't know, but it is a policy we follow in

13   certain other kinds of cases.  For example, in special

14   ed appeals we allow people to appeal under pseudonyms,

15   just their initials or something like that, because

16   there's no reason they should have to be publicly

17   identified.  And so I'm allowing him to file it under

18   seal, but "under seal" does not mean ex parte.

19          So all of you -- whatever Mr. Liviz files

20   tomorrow, when he files it, the simplest thing,

21   Mr. Liviz, would be for you to cc all of the lawyers in

22   the case so they receive a copy of what you send to

23   Ms. Simeone.  But in any event, I will direct the clerks

24   to -- when we receive it, to in some way provide it to

25   you.  And if it's not obvious that it's already been

1    provided to you, you can inquire.

2    I do not have the intent that it should be ex

3    parte.  I'm not authorizing an ex parte filing.  If

4    someone wants to file something ex parte in this case,

5    they need to file a motion requesting leave to file

6    something ex parte and explaining why there should be

7    something provided to the Court that's not provided to

8    all the other lawyers in the case.

9    MS. SILVA:  Thank you, your Honor.

10   THE COURT:  So, Mr. Liviz, two things.

11   MR. LIVIZ:  Your Honor, I didn't get a chance

12   to respond.

13   THE COURT:  That's why I'm calling upon you,

14   um, because it's an adversarial system.

15   MR. LIVIZ:  Yes, it is.

16   THE COURT:  And now I want to hear what you

17   have to say.  So I'm just directing you that there's two

18   things that I think they discussed.  One is Rule 8.  I'm

19   happy to hear you.  You don't waive your arguments that

20   are in your papers, but I'm happy to hear what you have

21   to say with respect to what they said about Rule 8.  And

22   in addition, I want to know why a person is named as a

23   defendant and in a 199-page complaint with 536

24   paragraphs there's no mention of that person doing

25   anything, no specific factual allegations?

MR. LIVIZ: Your Honor, what about -- what about me pitching the Court for me to be certified? I mean there were some comments whether I should be certified or not, but I didn't get a chance to respond to that.

THE COURT: You can respond to that issue as well. I raised that, in fairness, not the Assistant Attorney --

MR. LIVIZ: Well, which order would you like me to go?

THE COURT: You can go in whatever order you want as to those three topics.

MR. LIVIZ: Well we'll start with the good one. I think that I should be certified because I will, um -- well, I'll tell you --

THE COURT: I'll save you some time. You know what? One, I'm not going to rule, at the moment, that you are certified and I'm not going to rule that you're not going to be certified.

MR. LIVIZ: Sir, I want to make a point that's very important, it's going to clarify something for this Court.

I've seen -- no disrespect, Attorney McKenna in action in one of the trials that I was doing and I'm sitting there watching and I'm watching and like "This

1   is not family court, this is your legal right to parent

2   court," and what I saw is that -- and this is important

3   because I mention culture and I try to explain it and

4   it's very important for you to understand, your Honor,

5   that what I saw is that you have this culture of a

6   family attorney of 30-plus years is going to become the

7   judge because they have experience in probate and family

8   court, and what you have in family court is this

9   equitable relief, the best interests of the child, and

10   I'm sitting here watching and I have this equitable

11   relief stuff going on. And it's very different in

12   family court where you have two parents and you can't

13   split the child in half, but it's very different when

14   you have the State --

15         THE COURT: Solomon offered that.

16         MR. LIVIZ: Who?

17         THE COURT: King Solomon.

18         MR. LIVIZ: Well I'm sure that's probably good

19   stuff, I'll have to look it up a little bit later. But

20   the point is that, um --

21         THE COURT: That's how he resolved a custody

22   dispute.

23         MR. LIVIZ: Split him in half?

24         THE COURT: That's what he offered as the

25   resolution and that's how he resolved the custody

dispute. He didn't actually split the child in half, but he proposed splitting the child in half as a method of resolving the case.

So it isn't necessarily -- it's true that you can't viably split the person in half, but it doesn't mean that it isn't something to at least contemplate in order to discuss this matter. So you might read up on it.

MR. LIVIZ: Your Honor, I'm happy to hear the Court offer a little bit of relief in terms of, um, that that was a good point that one must consider, um, cutting an individual in half as an option, um, although not a good one.

But what I observed and I try to -- and I will never forget that moment when I was in court in front of, um, a juvenile court judge and I said, "Your Honor, this is not equitable relief in family court, this is your legal right to parent court," and nobody got it. I looked around and neither the lawyers of 20, 30 years, neither did the judge, and I said, "Holy smokes, it's that moment," you know that moment when you're by yourself and it's lonely. I felt alone. Because when I was doing the trial -- and I did my trial on the merits, no offense, I saw McKenna argue, and I'm watching and I'm like --

1  THE COURT:  What does this have --

2  MR. LIVIZ:  And I'd like to finish though.

3  THE COURT:  No, no, the question of

4  certification is premature.  I'm not -- I will tell you,

5  going right now to rule that you are certified and I'm

6  not going to rule that you should not be certified to

7  represent the class.

8  MR. LIVIZ:  Sure.

9  THE COURT:  I raised the question because --

10  and I'll be frank with you, that given what you have

11  described for me as to (A) one client -- one of the five

12  named plaintiffs has sued you, and (B) that the state

13  court has removed you as a lawyer for three of the named

14  plaintiffs, and (C) some of the things that you have

15  said in some of the filings, it gives me pause as to

16  whether I think you would be appropriate to be certified

17  to represent the class.  But I will tell you that I'm

18  not deciding on --

19  MR. LIVIZ:  It was a state agent.  I mean I've

20  got to tell you what I was watching.

21  THE COURT:  I'm keeping an open mind and I'm

22  not ruling on that now, because after the discussion I'm

23  satisfied that that question doesn't particularly bear

24  on the issues before me at the moment.  So if and when

25  we reach the question of certifying a lawyer to

1  represent the class, you will have a full and fair

2  opportunity.

3        MR. LIVIZ:  Sure.

4        THE COURT:  So the question I have is, two.

5  One, with respect to McKenna.  McKenna, other than the

6  two paragraphs I mentioned, his name doesn't appear

7  anywhere in the complaint, so how is there a reasonable

8  basis to name that person and why is that person a

9  defendant in this case?

10        MR. LIVIZ:  Sure.  Paragraph 415, failed to

11  advocate for a jury trial.  Paragraph 416, failed to

12  advocate for a speedy trial.  Paragraph 417, failed to

13  advocate for grandparents' rights.  Paragraph 418,

14  failed to ask for a CORI of a social worker.  Do you

15  know I almost got thrown out of court when I started

16  asking the social worker their background.  I asked him,

17  "Do you have any experience with kids?"  There was an

18  objection.  I almost got shot.

19        THE COURT:  I don't see in Paragraph 415

20  Mr. McKenna's name.

21        It's Ms. McKenna, right?

22        MR. LIVIZ:  I could take any one of the --

23        THE COURT:  The complaint stands by its own

24  terms.  So right now Paragraph 415 you say implicates

25  McKenna, but it doesn't say anything about McKenna.

1    MR. LIVIZ:  It says "Globally CPCS attorneys

2  failed to advocate for these rights."  McKenna is a CPCS

3  attorney.  She failed to advocate for these rights.  The

4  way McKenna is connected is by her being a CPCS attorney

5  and CPCS attorneys failed to advocate for these rights.

6    THE COURT:  I understand.

7    With respect to Rule 8, anything else you want to

8  say about Rule 8?

9    MR. LIVIZ:  Um, yes, that again I'm willing to

10  rewrite this and I believe there was ineffective 7.1.

11  And I would rather hear it from this Court to say,

12  "Well, this is what I would want you to do."  Because to

13  me, if you're a CPCS attorney -- and I'm clearly stating

14  lack of effect of jury trial.

15    I was there at the Supreme Court when I filed a

16  request for a jury trial for one of the clients and you

17  know what I heard?  I heard people were getting on the

18  phones and everything and like "What's the big

19  excitement?"  Because I understand that that was a

20  state -- I don't know if it was a state or if it was a

21  federal agent, that basically said they were

22  investigating.  And I'll never forget that moment when

23  she looked at me and said, "Oh, yeah, let's sue

24  everybody, hey, wee," and gave me a High 5.  But she

25  never expected me to sue the Supreme Judicial Court.

What they expected me to sue was the DCF, they expected
me to sue all these, you know, side people, not
realizing that I'm thinking ahead and I'm saying, "Wait
a minute, who's rubber-stamping all of this?" The
judge.

And right now, your Honor, that's why I filed the
rest, is I'm getting bounced around, I'm not getting
answered questions. I know everything I'm saying is
correct and I did my homework and I know what I'm doing
and I know that if I present to a jury, my jury of the
peers is going to rule in our favor because -- it should
be a directed verdict, that there's clearly a violation,
that for a year and a half, based on a fair
preponderance of the evidence, when the Supreme Court
said yes, it needs to have clear and convincing
evidence?

THE COURT: I think the way you put it was
you're "taking the ball to the hoop like Jordan and
Bird," wasn't that how you put it? For a billion
dollars.

MR. LIVIZ: Well I would say more like Larry
Bird. Michael Jordan is more like a dunk and I can't
touch the net. So it would be more like a jumper shot.

THE COURT: I got the point that you think --

MR. LIVIZ: Thank you, your Honor.

1      THE COURT: Okay. Thank you.

2      MR. LIVIZ: If I can please just have a moment

3 to rewrite it? I'll comply with this Court's orders by

4 tomorrow.

5      THE COURT: So I'm going to take the Rule 8

6 motions under advisement. Tomorrow, by 4:00, you're

7 going to make that supplemental filing.

8      MS. DRAY-SIEGEL: Yes, sir.

9      THE COURT: And we'll go from there. All

10 right, I will say, um --

11      Yes?

12      MS. PAQUIN: Your Honor, if I may just add one

13 more point on behalf of Attorney O'brian in regard to

14 the Rule 8 motion? I did want to clarify that as the

15 amended complaint -- the controlling complaint stands

16 right now, it's not clear also which causes of actions

17 have been pled against Attorney O'brian. So I just

18 wanted to also make clear that while I do join in the

19 arguments raised by the state defendants, I did want to

20 just make sure that that was clear on the record.

21      THE COURT: Okay. Thank you very much. We're

22 adjourned.

23      MR. LIVIZ: Your Honor, thank you for having

24 me here. I just want to say that it's just a pleasure

25 to be here, I've been waiting a long time to be here and

1  I want to thank you.

2       THE CLERK:  All rise.  This matter is --

3       MR. FABELLA:  (Over phone.)  Your Honor,

4  Justin Fabella's on the phone as well, just so the Court

5  is aware.

6       THE COURT:  All right, Mr. Fabella, I'm sorry,

7  I didn't realize you were there.

8      Is there anything -- you heard what we heard.

9  When did you come on -- is there anything you want to

10  add or do you rest on the papers?

11       MR. FABELLA:  I just wanted to let you know,

12  your Honor, that I agree with sister counsel and with

13  the points that they made, and I'll rest on my papers as

14  well.

15       THE COURT:  Fine.  We're adjourned.

16      (Ends, 4:50 p.m.)

17

18

19

20

21

22

23

24

25

Appx. 111 of 112

```
1                    C E R T I F I C A T E

2

3

4         I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,

5   do hereby certify that the foregoing record is a true

6   and accurate transcription of my stenographic notes

7   before Judge Leo T. Sorckin, on Tuesday, January 22,

8   2019, to the best of my skill and ability.

9

10

11

12   /s/ Richard H. Romanow 1-29-19

13   RICHARD H. ROMANOW     Date

14

15

16

17

18

19

20

21

22

23

24

25
```